705 So.2d 582 (1997)
Charles CARTER, III, a/k/a Charlie Carter, III, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02813.
District Court of Appeal of Florida, Second District.
July 18, 1997.
*583 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Charlie Carter, III (Carter) appeals the sentence imposed after he pleaded no contest to robbery with a deadly weapon and resisting arrest with violence. Carter argues that the sentencing guidelines scoresheet was calculated incorrectly.
The state concedes, and we find, that the scoresheet was calculated improperly. Carter's prior conviction for aggravated assault should have been scored nine points rather than fourteen points. This reduction of five points would have resulted in a guidelines sentencing range of 59.098.5 months instead of 62.85104.75 months. Nevertheless, the state argues that the scoresheet error was harmless. The state contends that the trial court would have imposed the same sentence, even if it had known the correct score.
In Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995), this court stated: "When a corrected scoresheet places the defendant in a different cell, the error cannot be presumed to be harmless, unless the record conclusively demonstrates that the trial court would have given the same sentence had it known the correct score." Id. at 737; see also Thornton v. State, 683 So.2d 515, 516 (Fla. 2d DCA 1996).
We disagree with the state's contention that the error was harmless. The record does not "conclusively" demonstrate that the trial court would have given Carter the same sentence if the scoresheet had been calculated properly. The trial judge made no comment on the method used to determine Carter's sentence. And, although the trial court set Carter's sentence at the highest number of whole years (eight), as opposed to fractional years or months, it is pure speculation to say that the trial court would have ordered the same sentence under a corrected scoresheet.
Accordingly, we reverse Carter's sentence and remand to the trial court with directions to resentence the defendant with a properly prepared sentencing guidelines scoresheet.
PARKER, C.J., and FULMER and NORTHCUTT, JJ., concur.