STRINGER, Judge.
Calvin Swain appeals the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850. One of Swain’s claims has merit, and on this one issue we reverse. The order of the trial court is affirmed in all other respects,
Swain alleged that two separate score-sheets should have been used for two separate felonies, one of which occurred in 1993, and the other of which occurred after January 1, 1994. The trial court conceded that separate scoresheets should have been used, but denied relief on the ground that Swain’s sentence would have been permissible with separate scoresheets. We reverse.
A trial court must use a 1983 scoresheet for all pending offenses that were committed before January 1, 1994, and a separate 1994 scoresheet for all pending offenses that were committed on or after that date. Dillard v. State, 728 So.2d 725 (Fla.1999). Because the attachments to the order denying relief do not conclusively demonstrate that Swain would have received the same sentence with the correct scoresheets, he is entitled to be resentenced with accurate scoresheets. See Carter v. State, 705 So.2d 582 (Fla. 2d DCA 1997).
Swain also raised a claim pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court correctly denied the claim as facially insufficient because Swain did not allege that the sentence imposed constituted a departure under the 1994 sentencing guidelines. See Daniels v. State, 771 So.2d 57 (Fla. 2d DCA 2000). We affirm without prejudice to Swain’s right to file a facially sufficient motion pursuant to rule 3.800(a), or, if he wishes to withdraw his plea and can state sufficient grounds, a motion pursuant to rule 3.850. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Swain lastly claimed that, pursuant to Heggs, he was entitled to increased gain time. This issue is not properly raised in a rule 3.800(a) motion. Swain must first exhaust his administrative remedies with the Department of Corrections. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). If he is not satisfied with the ruling of the Department, he can then file a petition for writ of mandamus with the appropriate circuit court. See Newsome v. Singletary, 637 So.2d 9 (Fla. 2d DCA 1994).
*1033 Affirmed in part, reversed in part, and remanded.
GREEN, A.C.J., and DAVIS, J., Concur.