812 So.2d 545 (2002)
Wendy LaFLEUR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-992.
District Court of Appeal of Florida, Fourth District.
March 27, 2002.
Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Wendy LaFleur, was charged with one count of grand theft auto in the second degree and possession of a motor vehicle with an altered vehicle identification number. He was found guilty of the grand theft charge and subsequently sentenced to 74.3125 months in jail as an habitual offender. LaFleur appeals his sentence, contending that the trial court improperly applied a 1.5 multiplier under section 921.0014(1)(b), Florida Statutes (1997).[1] We agree that the multiplier was improperly applied, but, as explained below, because LaFleur was sentenced as an habitual offender, we affirm the sentence.
Section 921.0014(1)(b), provides in pertinent part:
Grand theft of a motor vehicle: If the primary offense is grand theft of the *546 third degree involving a motor vehicle and in the offender's prior record, there are three or more grand thefts of the third degree involving a motor vehicle, the subtotal sentence points are multiplied by 1.5. (emphasis added).
Appellant argues that, because the enhancement section refers to grand theft in the third degree, it should not have been applied to him since he was charged and found guilty of grand theft in the second degree. We are persuaded by this straightforward argument since statutory language is to be given its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature. See, e.g., Green v. State, 604 So.2d 471, 473 (Fla.1992); Pandya v. Israel, 761 So.2d 454 (Fla. 4th DCA 2000). Here, the legislature specifically used the words "grand theft of the third degree," and any application contrary to that clear language would be error.
Had the multiplier not been improperly applied, the maximum guidelines sentence would have been 37.88 months, and not 74.3125. Because LaFleur was sentenced as an habitual offender, however, he is not entitled to be resentenced. See Horn v. State, 775 So.2d 1007, 1007 (Fla. 3d DCA 2001)(finding that "[w]e need not address that claim [an incorrect calculation in his sentencing guidelines scoresheet] because defendant was sentenced as a habitual offender and the guidelines scoresheet is irrelevant"); see also Parrish v. State, 780 So.2d 287, 288 (Fla. 3d DCA)(holding that appellant's improper sentencing argument was procedurally barred because he was sentenced as an habitual offender), rev. denied, 799 So.2d 218 (Fla.2001). Nevertheless, appellant argues it is clear that the trial judge relied on the erroneous scoresheet as evidenced by his sentence of 74.3125 months, i.e., the top of the guidelines. But see Parrish, 780 So.2d at 288 (finding reliance argument unpersuasive where trial judge simply signed sentencing guidelines scoresheet). While it seems more than coincidence that LaFleur was sentenced to precisely 74.3125 months, the fact remains that, under the law, the sentence is not illegal and there is no basis for this court to vacate it. Nonetheless, appellant is free to file in the trial court a 3.800(c) motion seeking reduction or modification of his sentence.
AFFIRMED.
POLEN, C.J., and STONE, J., concur.
NOTES
[1] Section 921.0014 was repealed, effective October 1, 1998, after the commission of the crime in this case.