823 So.2d 250 (2002)
Kenneth LYONS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2431.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
Carey Haughwout, Public Defender, and Iva K. Oza, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, J.
Appellant, Kenneth Lyons, appeals his conviction and sentence on the charge of possession of cocaine. We affirm his conviction on all issues raised; however, we reverse his sentence and remand to the trial court for resentencing pursuant to this opinion.
At sentencing, appellant's scoresheet reflected fourteen points for a prior aggravated battery conviction. Appellant disputes the addition of the fourteen points to his sentencing guidelines score as the result of a prior conviction which he contests was not his. Appellant did not dispute the prior conviction at sentencing and raised it for the first time in a Florida Rule of Criminal Procedure 3.800(b) motion to correct sentencing error, which was denied. At the hearing on appellant's motion, the state argued that if the appellant contests the prior conviction at sentencing, then the state has the burden of proving the prior conviction. Otherwise, according to the state, if appellant raises the issue for the first time on a 3.800(b) motion, according to the state, the appellant has the burden of proof.
At the conclusion of the hearing, the court denied the motion, finding that appellant *251 had the burden of coming forward with proof that the conviction was not his and failed to do so. Appellant argues that the court erroneously required him to prove that the conviction did not exist rather than requiring the state to prove that it did. We agree.
Appellant's scoresheet total, including the fourteen points for the prior charge, was 52.2. This score computed to a lowest possible prison sentence of 18.15 months and a maximum of three years. The trial court sentenced appellant to three years in prison. Without the additional fourteen points, appellant maintains that the lowest permissible sentence would be any nonstate sanction as opposed to 18.15 months in prison.
Rule 3.800(b) allows defendants to file a motion to correct "any sentencing error, including an illegal sentence." The court may either dispose of the motion without a hearing, or hold an evidentiary hearing. See Fla. R.Crim. P. 3.800(b)(1)(B). In this case, the matter could have been resolved had the state ordered the appropriate documentation and presented it to the court at the hearing on appellant's 3.800(b) motion. Although the state argued below that the initial burden of proof shifts to the appellant if there is no objection at sentencing, there was no case law produced to support that position. See generally DeGeso v. State, 771 So.2d 1264 (Fla. 2d DCA 2000) (at sentencing, when the defendant challenges prior convictions and the accuracy of the scoresheet, the state has the burden of producing competent evidence of the disputed conviction). It cannot be said with certainty that with a new minimum guidelines sentence of any non-state sanction, the trial court would still impose three years in prison.
We, therefore, reverse and remand for the state to provide competent evidence of this prior conviction and for the court to resentence appellant accordingly. See Lawrence v. State, 590 So.2d 1068 (Fla. 5th DCA 1991) ("Where a scoresheet error changes the recommended range, the sentence imposed, although within the permitted range, should be vacated and the cause remanded for resentencing upon a correct scoresheet to assure that a defendant was not sentenced and is not being confined because of a mistaken judicial impression based on an inaccurate guidelines scoresheet.").
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.
STEVENSON and MAY, JJ., concur.