830 So.2d 174 (2002)
Kenneth M. FORTNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3258.
District Court of Appeal of Florida, Second District.
October 11, 2002.
Rehearing Denied November 14, 2002.
Kenneth M. Fortner, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Kenneth Fortner challenges his sentence imposed following a remand from this court on convictions for trafficking in cocaine and conspiracy to traffic in cocaine. The trial court properly denied Fortner's *175 claims that his fourteen prior convictions should be scored as only two convictions and that his sentence was unconstitutionally disproportionate to that of his codefendants, and we affirm on those issues without further comment. However, because the trial court resentenced Fortner using an improperly scored sentencing guidelines scoresheet, we reverse Fortner's sentence and remand for resentencing under a corrected scoresheet.
All defendants are entitled to be sentenced under a correctly scored and calculated scoresheet. See Carter v. State, 705 So.2d 582, 583 (Fla. 2d DCA 1997). See also Walker v. State, 807 So.2d 177, 178 (Fla. 2d DCA 2002); Collins v. State, 788 So.2d 1109, 1109 (Fla. 2d DCA 2001). Here, Fortner correctly contends that his prior convictions were improperly scored. The judgments used by the State to score Fortner's prior record reflect that Fortner was previously convicted of four counts of robbery with a firearm under section 812.13(2)(a), Florida Statutes (1987), eight counts of robbery with a weapon under section 812.13(2)(b), one count of simple robbery under section 812.13(2)(c), and one count of carrying a concealed firearm under section 790.01(2), Florida Statutes (1987). Under section 921.0022, Florida Statutes (1997),[1] the convictions for robbery with a firearm are level 9 offenses, the convictions for robbery with a weapon are level 8 offenses, the conviction for simple robbery is a level 6 offense, and the concealed firearm conviction is a level 5 offense. However, the State scored the eight convictions for robbery with a weapon as level 9 offenses rather than level 8 offenses. This error resulted in a thirty-two point increase on Fortner's scoresheet. The State also scored the concealed firearm conviction as a level 4 offense rather than a level 5 offense, resulting in a 1.2 point decrease on Fortner's scoresheet. These scoring errors mean that the trial court sentenced Fortner based on incorrect guidelines scoresheet calculations. Because Fortner is entitled to be sentenced under a correct scoresheet, his sentence must be reversed.
The State's argument that any error in Fortner's scoresheet is harmless is incorrect for two reasons. First, a scoresheet error is not deemed harmless unless the record conclusively shows that the trial court would have imposed the same sentence had it had the benefit of the corrected scoresheet. Walker, 807 So.2d at 178; Collins, 788 So.2d at 1109; Carter, 705 So.2d at 583. Here, neither the transcript of the resentencing hearing nor anything else in the record shows whether the trial court would have imposed the same sentence if it had had an accurate scoresheet.[2] Therefore, the error may not be deemed harmless.
Second, any ambiguity or uncertainty in the scoring of a defendant's prior record must be resolved in favor of the defendant. See Fla. R.Crim. P. 3.703(d)(15)(D); Holybrice v. State, 753 So.2d 621, 623 (Fla. 4th DCA 2000); Williams v. State, 528 So.2d 453, 454 (Fla. 5th DCA 1988) ("The rule of law in all criminal cases is that any ambiguity in statutes, rules, verdicts, judgments, sentences, and any other matter is resolved in favor of the accused."). Here, there is a patent contradiction on the face of eight fifteen-year-old judgments. The judgments for Fortner's convictions for *176 robbery with a weapon state that the degree of the offense is "1pbl." However, robbery with a weapon is a first-degree felony, not a first-degree felony punishable by life. Fortner argues that the "offense statute number" must control the scoring of the prior offense. The State asserts that the court obviously made a scrivener's error and intended the convictions to be for robbery with a firearm, which is a first-degree felony punishable by life. We must resolve this contradiction in Fortner's favor. Therefore, Fortner's prior convictions for robbery with a weapon must be scored as level 8 offenses.
The State also argues that it should be entitled to an evidentiary hearing on remand, at which time it could prove that the prior judgments contain scrivener's errors and that the prior convictions were actually for robbery with a firearm. Florida Rule of Criminal Procedure 3.800(b) allows the State to file a motion to correct a scrivener's error in a judgment at any time. However, in this case, the State has not done so. Rather, the State is attempting to "correct" eight fifteen-year-old judgments in the direct appeal of a judgment and sentence in a different case. The State may not proceed in this manner. Therefore, the 1987 judgments must stand as written for purposes of resentencing and be interpreted in Fortner's favor.[3]
Reversed and remanded for resentencing under a corrected sentencing guidelines scoresheet.
SALCINES and KELLY, JJ., concur.
NOTES
[1] Although Fortner's prior convictions were for violations of the 1987 statutes, they are being scored as prior offenses on a 1997 scoresheet.
[2] Fortner's thirty-year sentence is within the guidelines range even with the corrected scoresheet. Under the original scoresheet, the sentencing range was twenty-one to thirty-six years. Under a corrected scoresheet, the range is sixteen to thirty-two years.
[3] In theory, the State could file a 3.800(b) motion in Fortner's 1987 cases upon issuance of this court's opinion in this case. If it were successful in getting the alleged scrivener's error in the 1987 judgments corrected before resentencing in this case, it could then rely on the corrected 1987 judgments at resentencing. Whether the State would be successful in getting the 1987 judgments "corrected" is a matter beyond the scope of this appeal.