852 So.2d 428 (2003)
Clellan TYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5462.
District Court of Appeal of Florida, Second District.
August 22, 2003.
*429 PER CURIAM.
Clellan Tyson appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm because Tyson's motion was facially insufficient.
In his motion, Tyson alleged that his sentencing guidelines scoresheet included seven prior convictions which had been "either dismissed or dropped" and that a corrected scoresheet would dictate a lower sentence. The State responded to the motion and submitted, as exhibits to its response, copies of judgments and sentences entered in some of the challenged cases to support the points scored for prior record. The exhibits were not a part of the trial court record in the proceeding in which the challenged sentence was imposed. The trial court relied upon the exhibits submitted by the State as the basis for denying Tyson's motion on its merits. The merit of a rule 3.800(a) motion to correct a sentence can, however, be determined only by reference to the record of the proceedings in which the challenged sentence was imposed. It was thus inappropriate for the trial court to consider the extraneous records submitted by the State.
The trial court's denial of Tyson's motion was nonetheless correct-albeit not for the reasons articulated by the trial court. Tyson's motion was facially insufficient because it did not "affirmatively allege[] that the court records [in the instant proceeding] demonstrate on their face an entitlement to th[e] relief" sought. Fla. R.Crim. P. 3.800(a). The trial court should have denied the motion on the basis of that facial insufficiency.
Ordinarily, the type of error raised by Tyson will not be apparent on the face of the record and therefore will not be a basis for relief under rule 3.800(a). See Lomont v. State, 506 So.2d 1141, 1141-42 (Fla. 2d DCA 1987) (holding that trial court properly denied defendant's motion asserting claim that prior felonies of which he was not convicted were improperly included in guidelines scoresheet computation because "the error complained of would require an evidentiary determination"); cf. McCullough v. State, 777 So.2d 1091, 1091 (Fla. 2d DCA 2001) (holding that rule 3.800(a) motion alleging improperly calculated scoresheet was cognizable because motion "alleged that the error [could] be determined from a review of [the] presentence investigation report contained in the court record").
Because we conclude that Tyson's motion was facially insufficient and that he is therefore not entitled to relief in this instance, we affirm the denial of his motion. Affirmed.
FULMER, DAVIS, and CANADY, JJ., Concur.