VILLANTI, Judge.
Charles Birdsong appeals the denial of his motions for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Birdsong is a county prisoner, and he filed a motion for jail credit in the circuit court seeking “trusty” status in order to earn gain time to be applied to his county jail sentence. The trial court denied the motion, stating that Birdsong must address this issue with the Department of Corrections (DOC) because the DOC has the exclusive authority to regulate gain time. Birdsong then filed another motion for jail credit raising the same claim and arguing that he is in the custody of Polk County, and the trial court denied the motion as successive.
We affirm the trial court orders denying Birdsong’s motions because such a claim is not properly raised in a rule 3.800(a) motion and should be addressed through any available administrative avenues. See Swain v. State, 795 So.2d 1031 (Fla. 2d DCA 2001). However, the trial court erred in concluding that the DOC has exclusive authority to award gain time because Birdsong is not in the DOC’s custody. We note, without commenting on the merits of Birdsong’s claim for gain time, that Birdsong is a county prisoner and the local board of county commissioners has authority to commute gain time for good behav *726 ior for county prisoners. See § 951.21, Fla. Stat. (2002).
Affirmed.
SALCINES and SILBERMAN, JJ., Concur.