884 So.2d 105 (2004)
Jorge CRUZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2173.
District Court of Appeal of Florida, Fourth District.
June 16, 2004.
*106 Gary Kollin of Gary Kollin, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
We affirm appellant's conviction, but reverse for resentencing. His scoresheet incorrectly included points for burglary of a dwelling even though he was convicted of burglary, and contained other errors.
Appellant moved to correct his sentence under rule 3.800(b)(2), and a successor judge corrected his scoresheet by reducing the total sentence points from 67.8 to 28.4, but refused to order a resentencing hearing. She reasoned that the five-year sentence originally imposed would not be an illegal sentence even under the corrected scoresheet.
We reverse based on Fortner v. State, 830 So.2d 174 (Fla. 2d DCA 2002), in which the court held that a resentencing hearing was necessary under similar circumstances. The state argued in Fortner, as it does here, that the error was harmless, but the Second District disagreed, stating that the error could not be harmless unless the record conclusively shows that the trial court would have imposed the same sentence with the corrected scoresheet. As we noted, in this case a different judge corrected the scoresheet, and under Fortner, with which we agree, the error in not resentencing cannot be harmless.
The state cites Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001), in which the court interpreted Heggs v. State, 759 So.2d 620 (Fla.2000) to find a scoresheet error harmless if the same sentence could have been imposed under a corrected scoresheet without a departure. The Second District, adhering to Fortner, certified direct conflict with Hummel in Anderson v. State, 865 So.2d 640 (Fla. 2d DCA 2004). We disagree with Hummel.
We reverse for a resentencing hearing based on Fortner and Anderson and certify direct conflict with Hummel.
POLEN and GROSS, JJ., concur.