901 So.2d 255 (2005)
Johnny JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1876.
District Court of Appeal of Florida, Fourth District.
April 27, 2005.
*256 Carey Haughwout, Public Defender, and Ellen A. Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING/CERTIFICATION OF CONFLICT
PER CURIAM.
We grant the State's Motion for Rehearing/Certification of Conflict. As a result, we withdraw our previous opinion and substitute this opinion in its place.
Johnny Jones appeals a sentence imposed upon an adjudication of violation of probation and revocation of probation and the denials of two subsequent motions to correct sentencing error filed with the trial court. We reverse.
Jones pleaded no contest to charges of grand theft (motor vehicle) and no valid driver's license (misdemeanor). Jones's sentencing scoresheet reflected a sentencing range of thirty months to sixty months in prison for the grand theft. He was placed on probation for eighteen months, with a condition of restitution to the victim of the crime, for the grand theft offense. The probation imposed was considered to be a mitigated departure by the trial court:
The Court finds that the need for restitution exceeds the need to put this man in prison. The Court also finds that the offense was committed [in] an unsophisticated manner and the defendant is remorseful, and, therefore, the Court will go below the guidelines.
An affidavit of violation of probation was filed against Jones for failure to pay the restitution and subsequent law violations of assault and theft. At the hearing on the affidavit of violation, the assault violation was not pursued, and the trial court found Jones guilty of violating probation. His probation was revoked, and he was sentenced to forty-five months in prison for the grand theft. Jones's sentencing scoresheet at this time reflected a sentencing range of 37.35 months to sixty months in prison. The scoresheet included fourteen points for a prior manslaughter conviction (which was also included on the initial scoresheet) and four points for a legal status violation (which was not included on the initial scoresheet).
Jones appealed his sentence to this Court and filed two motions in the trial court to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2). In the first motion, Jones contended that the fourteen points for the manslaughter conviction were improperly included on the scoresheet because that conviction had been vacated by this Court in Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987). The trial court denied the motion, and adopted the State's response that the face of the record did not reveal Jones's alleged scoresheet error. The trial court also adopted the State's contention that even if any error were apparent, the error would be harmless based on Heggs v. State, 759 So.2d 620, 627 (Fla.2000), because forty-five months in prison would remain within the sentencing range of a corrected scoresheet.
In the second motion, Jones asserted that it was error to include four points for a legal status violation on his scoresheet because the theft charge was not before the trial court for sentencing during the probation proceeding as required by Florida Rule of Criminal Procedure 3.703(16)(G), now Rule 3.704(d)(15)(G), for the assessment of scoresheet points. The trial court denied this motion, and again adopted the State's response which was *257 substantially similar to that filed in response to the first motion.
In support of the denials of the motions to correct sentencing error and an affirmance, the State relies on the First District's interpretation of Heggs v. State, 759 So.2d 620 (Fla.2000), the Florida Supreme Court case that found the 1995 sentencing guidelines unconstitutional and required resentencing under the 1994 guidelines:
However, in Heggs v. State, 759 So.2d 620 (Fla.2000), the supreme court announced a new harmless error analysis to be applied in dealing with scoresheet inaccuracies. Using the Heggs rationale, we conclude that if a person's sentence imposed under an erroneous scoresheet could have been imposed under a corrected scoresheet (without a departure) then that person shall not be entitled to resentencing.
Hummel v. State, 782 So.2d 450, 451 (Fla. 1st DCA 2001).
Jones, on the other hand, relies on the Second District's consideration of the issue in Fortner v. State, 830 So.2d 174 (Fla. 2d DCA 2002). In Fortner, the court concluded that "a scoresheet error is not deemed harmless unless the record conclusively shows that the trial court would have imposed the same sentence had it had the benefit of the corrected scoresheet." Id. at 175. Following Fortner, the Second District certified conflict with Hummel in Anderson v. State, 865 So.2d 640, 643 (Fla. 2d DCA 2004), rev. granted, 879 So.2d 624 (Fla.2004). In Anderson, the court wrote:
This court has, however, not understood Heggs as establishing such a generally applicable standard for determining whether scoresheet errors require resentencing. On the contrary, in Voss v. State, 808 So.2d 282 (Fla. 2d DCA 2002), Collins v. State, 788 So.2d 1109 (Fla. 2d DCA 2001), and Bigham v. State, 761 So.2d 431 (Fla. 2d DCA 2000)which were decided after Heggswe have adhered to the view that scoresheet error... requires resentencing unless it can be shown conclusively that the same sentence would have been imposed if the corrected scoresheet had been used by the sentencing court.
Id. at 642.
In a case unavailable to the trial court at the time of its rulings, this Court has since expressed its position on the harmless error issue addressed in Hummel, Fortner, and Anderson. In Cruz v. State, 884 So.2d 105 (Fla. 4th DCA 2004), this Court agreed with the Second District's conception of the harmless error issue in Fortner and Anderson and certified direct conflict with Hummel. Id. at 106. Considering this development, the State's argument in favor of affirmance based on Hummel is without merit, and the Fortner-Anderson-Cruz harmless error analysis must be applied to the scoresheet points challenged by Jones in his motions to correct sentencing error to determine whether the trial court properly imposed the sentence and denied the motions.
We now address the motions to correct sentencing error at hand. Where "the trial court determines that the motion can be resolved as a matter of law" no evidentiary hearing is required for consideration of a Rule 3.800(b)(2) motion. Fla. R.Crim. P. 3.800(b)(1)(B), (b)(2)(B).
Turning to the first motion to correct sentencing error, based on the vacated manslaughter conviction, Jones relies on Lyons v. State, 823 So.2d 250 (Fla. 4th DCA 2002), to support his argument that the inclusion of the fourteen points on his sentencing scoresheets was in error. In Lyons, this Court held that on review of a Rule 3.800(b)(2) motion, the State has the burden to prove that the defendant committed any challenged conviction. Id. at *258 251. Therefore, the inquiry on appeal hinges on what the evidence submitted with the Rule 3.800(b)(2) motion revealed about the manslaughter conviction.
Jones attached a copy of Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987), to the first motion to correct sentencing error, and the opinion did reverse and vacate a withheld adjudication of manslaughter. However, Jones's attachments do not address whether he was otherwise convicted of manslaughter in a different case. The State presented no evidence establishing that Jones had been otherwise convicted of manslaughter.
As such, we conclude that the Rule 3.800(b)(2) motion should not have been decided by the trial court as a matter of law, because the record did not conclusively refute or establish that Jones had a manslaughter conviction for which fourteen points could be included on his sentencing scoresheet. Therefore, the trial court erred by denying Jones's first motion to correct sentencing error. Consequently, the denial of the first motion is reversed and remanded for an evidentiary hearing to determine whether the inclusion of fourteen points for manslaughter on the sentencing sheet was in error, and if so, whether any evidence in the record conclusively demonstrates that the trial court would have imposed the same forty-five month sentence even under a correct scoresheet, as required by the Fortner-Anderson-Cruz line of cases.
Turning to the second motion to correct sentencing error, addressing the four points for a legal status violation, Jones relies on Rule 3.703(16)(G), now Rule 3.704(d)(15)(G), and Kelly v. State, 706 So.2d 396 (Fla. 1st DCA 1998), to support his contention that the points were improperly included on his sentencing scoresheet because the theft charge was not itself before the trial court for sentencing during the probation proceeding. Rule 3.704(d)(15)(G) provides that legal status points are assessed when a probationer commits an offense that results in conviction and "the offense committed while under legal status is before the court for sentencing." Kelly elucidates the difference between legal status points and community sanction points, which are assessed for a violation of probation itself. 706 So.2d at 397.
Regarding this Rule 3.800(b)(2) motion, we conclude that the sentencing scoresheet error was apparent on the face of the record. The transcript of the probation proceeding was a record attachment and conclusively demonstrates that the theft charge was not before the court for sentencing. The trial court erred by denying the motion because the four points for a legal status violation were, as a matter of law, erroneously included on Jones's sentencing scoresheet. Furthermore, the record does not conclusively demonstrate that the trial court's sentence would not differ based on the corrected scoresheet, so that the error is not harmless under the Fortner-Anderson-Cruz line of cases. Consequently, the denial of the second motion is reversed, and the case is remanded for the correction of the sentencing scoresheet and resentencing.
We again certify express and direct conflict with Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001), as we did in Cruz.
REVERSED AND REMANDED for further proceedings as directed in this opinion.
GUNTHER, STONE and STEVENSON, JJ., concur.