POLEN, J.
This appeal arises from an improperly calculated scoresheet which the Appellant, Danny Cooper, argues affected his sentences. We affirm in part and reverse in part for the reasons that follow.
On April 12, 1999, Cooper was placed on two years of community control followed by five years of probation as a result of his no contest pleas to the charges of burglary of a dwelling and dealing in stolen property. On July 80, 1999, Cooper’s remaining term of community control was converted to drug offender probation. On September 6, 2002, the State filed an affidavit of violation of drug offender probation on the basis that Cooper possessed and delivered cocaine and failed to pay restitution. The State charged Cooper by Information for the substantive offense of delivery of cocaine. The State filed a notice of intent to seek habitualization on the delivery of cocaine charge.
On January 7, 2003, the trial court held a consolidated plea conference on both the VOP and the substantive case. Cooper admitted to the VOP and entered an open plea to the delivery of cocaine charge. The trial court questioned Cooper to make sure that he understood that the State sought habitualization and that an open plea could result in a sentence as low as the bottom of the guidelines or up to thirty years. After Cooper acknowledged his understanding, the trial court accepted the admission and plea. . However, Cooper filed a motion for downward departure, so the trial court deferred pronouncing a sentence.
On February 7, 2003, the trial court conducted the sentencing hearing in which it ultimately denied the motion for downward departure. The trial court revoked Cooper’s probation and sentenced him to 48.6 concurrent months on the burglary of a dwelling and dealing in stolen property charges. Cooper was also sentenced to 41.712 months as a habitual felony offender for delivery of cocaine. Cooper’s sentences were equal to the bottom of the guidelines and were to run concurrent with each other.
Cooper moved to correct sentencing errors because the scoresheets improperly included 23 points for robbery with a firearm when they should have only included 9 points for the lesser included offense of robbery.[1] The trial court failed to rule on this motion within the time allowed by Florida Rule of Criminal Procedure 3.800(b)(2)(B). As such the motion is deemed denied.
“All defendants are entitled to be sentenced under a correctly scored and calculated score sheet.” Fortner v. State, 830 So.2d 174, 175 (Fla. 2d DCA 2002). It is undisputed that Cooper was not sentenced under a correct score sheet with respect to the charges of burglary of a dwelling and dealing in stolen property. The second district in Fortner held:
[A] score sheet error is not deemed harmless unless the record conclusively shows that the trial court would have imposed the same sentence had it had the benefit of the corrected score sheet.
*947 Here, neither the transcript of the re-sentencing hearing nor anything else in the record shows whether the trial court would have imposed the same sentence if it had had an accurate score sheet. Therefore, the error may not be deemed harmless.
Id.; see Cruz v. State, 884 So.2d 105, 106 (Fla. 4th DCA 2004). As in Fortner, the transcripts of the plea and sentencing hearings at bar do not indicate whether the trial court would have imposed the same sentences if it had had an accurate score sheet. Accordingly, the error cannot be deemed harmless and Cooper’s sentences on these charges are reversed with instructions that he be re-sentenced under a correctly calculated score sheet.
Cooper also asserts the same argument for his 41.712-month sentence on the delivery of cocaine charge. The question, however, is whether this error is harmless because Cooper was sentenced as a habitual felony offender. While the 41.712-month sentence happened to be equal to the minimum guidelines sentence under the incorrectly calculated score sheet,[2] the guidelines scoresheet is legally irrelevant because Cooper was habitualized. See § 775.084(4)(h), Fla. Stat. (2002)(“A sentence imposed under this section is not subject to s. 921.002 [The Criminal Punishment Code].”); Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003); LaFleur v. State, 812 So.2d 545, 546 (Fla. 4th DCA 2002)(holding defendant sentenced to term equal to maximum guidelines sentence under improperly calculated sentencing guidelines scoresheet was not entitled to be re-sentenced because defendant was habitualized such that sentencing guidelines score sheet was irrelevant and the sentence imposed was not illegal); Kenon v. State, 780 So.2d 258, 261 (Fla. 5th DCA 2001)(holding sentencing scoresheet errors harmless, where imposition of violent habitual offender sentence was appropriate, rendering guidelines inapplicable); Horn v. State, 775 So.2d 1007, 1007 (Fla. 3d DCA 2001) (holding habitual sentence rendered guidelines scoresheet irrelevant); Williams v. State, 773 So.2d 660 (Fla. 5th DCA 2000) (holding habitual offender sentence rendered any errors in guidelines score sheet harmless). Therefore, we find the scoresheet miscalculation on this charge to be harmless error. See La-Fleur, 812 So.2d at 546 (“While it seems more than coincidence that [the defendant] was sentenced to precisely [the minimum under the guidelines], the fact remains that, under the law, the sentence is not illegal and there is no basis for this court to vacate it.”). Consequently, we affirm his sentence as to the delivery of cocaine charge but remand for re-sentencing on the burglary of a dwelling and dealing in stolen property charges.

Affirmed in Part, Reversed in Part.

GUNTHER and HAZOURI, JJ., concur.

. In 1986, Cooper was charged with robbery with a firearm; however, he pled guilty to the lesser included offense of robbery.

. If the error in the scoresheet were corrected, the minimum guideline sentence for this charge would be 32.7 months in prison.