PER CURIAM.
In this direct criminal appeal, appellant seeks review of an order denying his motion to correct a sentencing error, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Appellant claims that points were improperly scored for prior convictions committed more than 10 years before the date of the primary offense for which he was being sentenced because he had not been convicted of any other offense for 10 consecutive years from his most recent date of release from confinement, supervision or other sanction to the date of the primary offense. The state correctly concedes that insufficient evidence was presented to establish that appellant did not have a conviction-free record for 10 consecutive years from his most recent date of release to the date of the primary offense for which he was being sentenced and that, because the plea agreement called for the lowest permissible sentence allowed by the scoresheet, a remand for a new sentencing hearing is required. We agree. See, e.g., Lyons v. State, 823 So.2d 250, 251 (Fla. 4th DCA 2002) (the burden is on the state to produce competent evidence to support the scoring of disputed convictions). Accordingly, we vacate appellant’s sentence, and remand with directions that the trial court conduct a new sentencing hearing.
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER, and VAN NORTWICK, JJ., concur.