968 So.2d 606 (2007)
Clifton LINDQUIST, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5621.
District Court of Appeal of Florida, Second District.
September 28, 2007.
Rehearing Denied October 31, 2007.
*607 ALTENBERND, Judge.
Clifton Lindquist appeals the order denying his motion to correct illegal sentences pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm but write to explain a scrivener's error in his written sentences.
Mr. Clifton has a long and serious criminal record. In case number 97-15000 in the Circuit Court for Pinellas County, Mr. Clifton was sentenced in February 1998 to two concurrent thirty-year terms of imprisonment with minimum mandatory terms of thirty years. These sentences arose from two offenses committed in August 1997. He qualified for sentencing as a violent career criminal in these cases under sections 775.084(1)(c), (4)(c)(2), Florida Statutes (1997). Those statutes permitted a maximum sentence of forty years' imprisonment with a minimum term of thirty years' imprisonment for each count. The transcript clearly shows that the trial court made the findings necessary to sentence Mr. Lindquist under these statutes.
The sentencing forms used by the trial court to reduce these sentences to writing did not contain a section for sentencing as a violent career criminal. The trial court checked the box for sentencing as a habitual violent felony offender and entered a minimum term of thirty years in the space provided for the minimum term under such sentencing. The form recites that this sentence is imposed in accordance with the provisions of section 775.084(4)(b). If that were the case, the thirty-year minimum mandatory term would exceed the lawful limit. Because the oral pronouncement in the transcript makes it clear that the judge was imposing a violent career criminal sanction and not a habitual violent felony offender sanction, we treat this use of the form as a scrivener's error and affirm the order denying the motion to correct illegal sentence.
Affirmed with directions to the court to correct the scrivener's error in the sentences.
FULMER and CASANUEVA, JJ., Concur.