WALLACE, Judge.
 

 Willie Purifoy appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court’s summary denial of ground two without comment. We also affirm the summary denial of grounds one and three because we agree that Mr. Purifoy is not entitled to relief. However, we write because we disagree with the postconviction court’s reasoning.
 

 I. THE RELEVANT PROCEDURAL HISTORY
 

 Mr. Purifoy was charged with burglary with assault, robbery, and fleeing or attempting to elude. He pleaded nolo con-tendere to one count of robbery in accordance with a negotiated plea agreement. The agreement provided for a sentence of 44.85 months’ imprisonment contingent on Mr. Purifoy scoring less than eighty-eight total sentence points, plus payment to the victim of $400 in restitution. As part of the negotiation, the State agreed to
 
 nolle pros
 
 the charges of burglary with assault and fleeing or attempting to elude. On December 12, 2005, Mr. Purifoy was adjudicated guilty of robbery and sentenced to 44.85 months in prison in accordance with the plea agreement. Mr. Purifoy did not appeal his judgment and sentence.
 

 On September 11, 2007, Mr. Purifoy filed a rule 3.800(a) motion raising three grounds. First, Mr. Purifoy alleged that his scoresheet erroneously included points for a crime for which he had not been adjudicated guilty. Second, he claimed that the trial court used the wrong sentencing scoresheet. Third, he asserted that his restitution order named a different person.
 

 On March 12, 2008, the postconviction court summarily denied relief on all three grounds. This appeal followed. We will separately consider grounds one and three of Mr. Purifoy’s motion.
 

 II. DISCUSSION
 

 A. Ground One
 
 — Scoresheet
 
 Error
 

 In ground one of his motion, Mr. Purifoy complained that his sentencing scoresheet included as a scored prior conviction a burglary for which he had not been adjudicated guilty. Mr. Purifoy claimed that he was never adjudicated guilty in Escambia County case number 94-03167, but his sentencing scoresheet included points for a conviction in that case. The postconviction court consulted a website maintained by Escambia County. The website indicated that Mr. Purifoy had been adjudicated guilty in case number 94-03167. On this basis, the postconviction court denied ground one of the motion.
 

 We are extremely doubtful that the website maintained by Escambia County was a part of the trial record in the proceeding in which the challenged sentence was imposed. Nevertheless, the postcon-viction court relied on that website as the basis for denying this claim. Because “[t]he merit[s] of a rule 3.800(a) motion ... can ... be determined only by reference to the record of the proceedings in which the challenged sentence was imposed,”
 
 Tyson v. State,
 
 852 So.2d 428, 429 (Fla. 2d DCA 2003), it was improper for the post-conviction court to consider and rely on the website.
 

 
 *200
 
 However, Mr. Purifoy is not entitled to postconviction relief on ground one of his motion for a different reason. A claim that a defendant’s scoresheet erroneously included as scored prior convictions crimes for which he or she had never been convicted requires an evidentiary hearing.
 
 Walker v. State,
 
 940 So.2d 1215, 1216 (Fla. 2d DCA 2006);
 
 see Lomont v. State,
 
 506 So.2d 1141, 1141-42 (Fla. 2d DCA 1987). It follows that Mr. Purifoy’s claim was not cognizable under rule 3.800(a) because the alleged error is not apparent from the face of the record.
 
 See Tyson,
 
 852 So.2d at 429;
 
 Lomont,
 
 506 So.2d at 1141-42.
 

 Furthermore, Mr. Purifoy’s rule 3.800(a) motion could not have been treated as a motion under Florida Rule of Criminal Procedure 3.850 because he did not seek to withdraw his plea.
 
 See Goins v. State,
 
 889 So.2d 918, 919 (Fla. 2d DCA 2004). We note that the time for Mr. Purifoy to file a rule 3.850 motion expired while his rule 3.800(a) was pending before the postconviction court. Accordingly, as in
 
 Goins,
 
 our affirmance of the postconviction court’s order on this ground is without prejudice to Mr. Purifoy’s right to file in the lower court, within sixty days of the date of this court’s mandate, a motion seeking to withdraw his plea under rule 3.850. If Mr. Purifoy files his motion within sixty days, the motion should be considered timely and not deemed successive.
 
 See
 
 889 So.2d at 919. As we did in
 
 Goins,
 
 we caution Mr. Purifoy that filing a motion to withdraw his plea may not be in his best interest.
 
 See id.
 

 B. Ground Three
 
 — Incorrect
 
 Name on Restitution Order
 

 In ground three of his motion, Mr. Purifoy alleges that his restitution order should be vacated because it names a different person — “Willie Lee Purifoy.” Mr. Purifoy’s full name is Willie Ray Purifoy. The postconviction court denied ground three of the motion because the scrivener’s error in the restitution order did not entitle Mr. Purifoy to relief.
 

 We agree with the postconviction court’s conclusion and note the following facts from the record. First, Mr. Purifoy’s plea form includes a provision whereby Mr. Purifoy agreed to pay restitution of “$400.00 to Pearl Levins.” Second, the judgment and sentence names “Willie Ray Purifoy” as the defendant in case number CF05-000848-XX. Third, the restitution order on page six of the judgment and sentence names “Willie Lee Purifoy” as the defendant in case number CF05-000848-XX and orders “RESTITUTION TO PEARL LEVINS $400.00.” Because the reference to “Willie Lee Purifoy” in the written restitution order is nothing more than a clerical error at variance with the record, we conclude that this reference is a scrivener’s error.
 
 See Migdal v. State,
 
 970 So.2d 445, 448-49 (Fla. 4th DCA 2007) (quoting
 
 Ashley v. State,
 
 850 So.2d 1265, 1268 n. 3 (Fla.2003)). Accordingly, we affirm the circuit court’s summary denial of relief on ground three but direct that on remand the postconviction court shall correct this scrivener’s error in the restitution order.
 
 See Lindquist v. State,
 
 968 So.2d 606, 607 (Fla. 2d DCA 2007).
 

 Affirmed and remanded with directions.
 

 FULMER and KELLY, JJ., Concur.