CONNER, J.
Richard Allen White (“White”) was originally charged with attempted first degree murder and robbery with a weapon. White raises two issues: 1) he was improperly resentenced on the attempted murder charge by Judge Kaplan when the original sentencing judge, Judge Weinstein, was available; and 2) Judge Weinstein failed to grant his Rule 3.800(b) motion for resen-tencing after a corrected scoresheet was filed for the attempted murder charge. We affirm on the first issue without further discussion. We reverse the denial of White’s Rule 3.800(b) motion.
The following is a summary of the time-line of events leading up to this appeal:
Timeline of Trial Court and Appellate Proceedings
June 28, 2006 White was convicted after a jury trial of attempted first degree murder and robbery. At the original sentencing by J. Weinstein, White was sentenced to life for the attempted murder charge and thirty years on robbery charge. The sentences were imposed concurrently.
March 16, 2007 White’s motion to correct sentencing error was granted, and White was resentenced to thirty years on the attempted murder charge to be served consecutive to the robbery charge.
January 30, 2008 White’s conviction on robbery was reversed by this court, and the case was remanded to vacate the conviction.
June 30, 2009 On remand, White appeai'ed before J. Kaplan, and defense counsel stated that if J. Kaplan was going to resentence on the murder charge, the case had to be transferred back to J. Weinstein. J. Kaplan did not resentence on murder, but stated “he still gets 30 years on Count One,” referring to the attempted murder charge. J. Kaplan vacated the robbery charge. A corrected scoresheet showing only the attempted murder charge was filed. The original scoresheet resulted in a lowest permissible sentence of 138 months. The corrected scoresheet shows a lowest permissible sentence of 48 months.
August 17, 2009 White petitioned for a belated appeal, alleging he asked trial counsel to file an appeal, but the appeal was not filed. A commissioner took evidence and determined White timely asked for an appeal, but trial counsel did not comply with his request.
April 1, 2010 This court entered an order granting the petition for belated appeal and designating our order as the Notice of Appeal. We directed a new case number be issued (which is the instant appeal).
August 27, 2010 White filed a Rule 3.800(b)(2) motion. In paragraph 3, he alleged the change in the lowest permissible sentence from the original scoresheet to the corrected scoresheet required a new sentencing.
November 16, 2010 White filed an unopposed motion in our court to relinquish jurisdiction to the trial court. The motion to relinquish alleged White’s Rule 3.800(b)(2) motion, which was never ruled upon by the trial court The motion to relinquish also alleged that J. Weinstein entered an order specifically stating that “resentencing” was to take place on January 7, 2011. J. Weinstein’s order setting resentencing was dated October 19, 2010.
November 22, 2010 This court granted the stipulated motion by appellate counsel and relinquished jurisdiction to the trial court. Our order did not specifically mention relinquishment for resentencing or the Rule 3.800(b)(2) motion.
February 18, 2011 J. Weinstein conducted a hearing. From the transcript, it appears that he was somewhat puzzled about the purpose of the hearing. The confusion occurred in part because defense counsel did not make clear that White was seeking a resentencing after a corrected scoresheet was filed for the attempted murder charge. Instead, defense counsel put forth an argument seeking a new trial on the attempted murder charge because the robbery charge had been vacated. The state attorney contributed to the confusion by arguing that on direct appeal all this court did was vacate the robbery charge and we did not state we remanded for a new sentencing hearing on the attempted murder charge. J. Weinstein recalled that he had already resentenced White on the attempted murder charge on a previous motion to correct sentencing. J. Weinstein stated during the hearing that if White was seeking a new trial or felt there was some further sentencing error, White needed to file the appropriate motion. J. Weinstein concluded White had already been resentenced on the attempted murder charge and there was no appropriate pending motion which entitled White to resentencing on that charge. Unfortunately, J. Weinstein misconceived the *1181 reason for the hearing because both defense counsel and the state attorney failed to properly explain why appellate counsel sought to relinquish jurisdiction. J. Weinstein declined to enter any mitten order on the hearing. When specifically pressed by defense counsel to enter a mitten order, J. Weinstein declined, stating no proper motion was before the court.
We first observe that we may have contributed to the confusion of the trial court when we vacated White’s robbery conviction and did not remand for the trial court to consider if resentencing was required on the murder charge.
Rule 3.800(b)(2)(B), Florida Rules of Criminal Procedure, provides that a motion pursuant to the rule is deemed denied if the trial court does not enter a written order on the motion within 60 days after the motion is filed. In this case, no written order has been entered by the trial court on White’s motion. Although appellate counsel sought to rectify the situation by an agreed order for relinquishment, trial counsel failed to properly advise Judge Weinstein of the reason for the hearing.
“Recognizing the importance of a correct scoresheet, our rules provide defendants several opportunities for raising such error.” State v. Anderson, 905 So.2d 111, 118 (Fla.2005). “Florida Rule of Criminal Procedure 3.800(b) also allows a motion in the trial court to correct such error before and during the pendency of an appeal.” Id.; see also Jackson v. State, 983 So.2d 562 (Fla.2008) (listing an inaccurate scoresheet as a sentencing error that can be raised under rule 3.800(b)).
With regard to scoresheet errors, our supreme court wrote in Brooks v. State, 969 So.2d 238 (Fla.2007): “When score-sheet error is presented using any of the three procedures described above [direct appeal, 3.800(b) motions, or 3.850 motions], any error is harmless if the record conclusively shows that the trial court would have imposed the same sentence using the correct scoresheet.” Id. at 241 (citing Anderson, 905 So.2d at 118; Jones v. State, 901 So.2d 255, 258 (Fla. 4th DCA 2005)).
In Jones, we reversed the denial of a Rule 3.800(b) motion where the evidence did not clearly show the inclusion of points on the scoresheet for a manslaughter conviction was proper. We remanded the Jones case for the trial court to determine if the inclusion of points for manslaughter was proper and, if the inclusion of manslaughter points was error, whether any evidence in the record conclusively demonstrated that the trial court would have imposed the same sentence.
Here, after we vacated White’s conviction for robbery, a new scoresheet with fewer points and a lower permissible sentence was filed with the trial court for the attempted murder conviction. The score-sheet used at the original sentencing and the previous resentencing for attempted murder was not correct. Facially, a sentencing error within the scope of a Rule 3.800(b) motion has occurred. White is entitled to a new sentencing hearing unless the record conclusively shows a thirty-year sentence would have been imposed at re-sentencing on March 16, 2007 if a correct scoresheet had been used.
The trial court has never entered an order denying White’s Rule 3.800(b) motion filed on August 27, 2010. By the procedure set forth in the rule, the motion is deemed denied by the trial court. The denial was error. Thus, we reverse the denial of White’s Rule 3.800(b) motion and remand the case for a new sentencing hearing on attempted first degree murder unless the record conclusively shows a thirty-year sentence would have been im *1182 posed at resentencing on March 16, 2007, if a correct scoresheet had been used.

Affirmed in part; reversed, in part.

WARNER and STEVENSON, JJ., concur.