NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSHUA J. MURPHY, DOC #H25977,  )
  )
     Appellant,  )
  )
v.  )    Case No. 2D17-731
  )
STATE OF FLORIDA,  )
  )
     Appellee.  )
_____)

Opinion filed May 31, 2019.

Appeal from the Circuit Court for Pinellas
County; Nancy Moate Ley, Judge.

Howard L. Dimmig, II, Public Defender, and
Keith W. Upson, Special Assistant Public
Defender, Bartow, for Appellant.


Ashley Moody, Attorney General,
Tallahassee, and Elba Caridad Martin,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

Joshua Murphy appeals his judgment and sentence for one count of failure to report in person to a driver's license office within forty-eight hours after a change in his transient residence. We affirm in all respects save one.

Pending resolution of this appeal, Mr. Murphy filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)(B). In his motion, Mr. Murphy disputed the inclusion of fourteen points scored on his criminal punishment code scoresheet for a prior conviction that, he claimed, did not exist. The trial court denied Mr. Murphy's motion without a hearing. This was error.

"When the defense challenges prior convictions and the accuracy of the scoresheet, the [S]tate has the burden of producing competent evidence of the disputed conviction." DeGeso v. State, 771 So. 2d 1264, 1265 (Fla. 2d DCA 2000) (quoting Watson v. State, 591 So. 2d 951, 953 (Fla. 2d DCA 1991)). "A claim that a defendant's scoresheet erroneously included as scored prior convictions crimes for which he or she had never been convicted requires an evidentiary hearing." Purifoy v. State, 10 So. 3d 197, 200 (Fla. 2d DCA 2009) (citing Walker v. State, 940 So. 2d 1215, 1216 (Fla. 2d DCA 2996)); see also Fla. R. Crim. P. 3.800(b)(2)(B) (directing trial courts to follow the procedure under rule 3.800(b)(1)(B), which provides that an evidentiary hearing should be held if necessary). Accordingly, we reverse and remand for the court to convene an evidentiary hearing on Mr. Murphy's claim and for the court to then resentence Mr. Murphy if necessary. See Lyons v. State, 823 So. 2d 250, 251 (Fla. 4th DCA 2002).

It also appears that the trial court erroneously combined a $151 fine authorized under section 938.01, Florida Statutes (2017), with $550 in felony court costs, for a total of $701 which the trial court erroneously labeled as a single fine for

crimes against a minor. On remand, the trial court shall enter a corrected judgment for fines and costs showing that the $151 fine and $550 in costs are separate.

Affirmed in part; reversed in part; remanded with instructions.

NORTHCUTT, BLACK, and LUCAS, JJ., Concur.