DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL REED,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3778

[ July 10, 2019 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 10018914 CF10A.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Michael Reed appeals the revocation of his probation and sentence. He argues that the trial court lacked jurisdiction to adjudicate the violation of probation charges filed against him in 2017 because the trial court orally imposed only a year of probation in 2013. We affirm on this issue, because the State conclusively demonstrated that the trial judge had, in fact, orally pronounced a term of "eight years" of probation. The reference to "a year" of probation in the original transcript was a scrivener's error by the court reporter. The court reporter acknowledged the error and prepared a corrected transcript.

Appellant also argues that the trial court erred in denying his motion to correct sentence under Rule 3.800(b)(2) because: (1) his scoresheet was miscalculated, (2) the court failed to make adequate written findings regarding the probation terms he violated, and (3) the court failed to make findings of fact supporting its determination that appellant poses a danger to the community. We conclude that the trial court's danger findings were sufficient, but we reverse for resentencing due to the scoresheet error. We also remand for entry of a revocation order specifying the conditions of

probation that appellant violated.

### *Background*

In 2013, appellant entered an open plea of no contest to charges of aggravated battery with a deadly weapon (Count I) and driving under the influence (Count II). As to Count I, appellant was sentenced to two years of community control followed by eight years of probation.

In 2017, the State filed an affidavit of violation of probation alleging that appellant violated probation by being arrested for a DUI, failing to abstain from alcohol or illegal drugs, and failing to pay costs of supervision. Appellant admitted the allegations in the affidavit.

Because appellant was on felony probation for an aggravated battery committed after the effective date of Florida's Anti-Murder Act, appellant qualified as a Violent Felony Offender of Special Concern ("VFOSC"). § 948.06(8)(c), Fla. Stat. (2017). Accordingly, the trial court held a hearing to determine whether appellant posed a danger to the community. After the hearing, the trial court found that appellant posed a danger to the community, revoked his probation, and sentenced him to a bottom-of-the-guidelines sentence of 37.05 months in prison.

The trial court later entered an order containing written findings to support its determination that appellant posed a danger to the community. However, the order failed to specify the conditions of probation that appellant violated.

Appellant later moved to correct his sentence under Rule 3.800(b)(2). However, the trial court did not rule on the motion within 60 days, and there was no showing of good cause to extend the time period.[1]

### *Scoresheet Error*

Legal status points should not be assessed unless a probationer commits an offense that results in conviction and "the offense committed while under legal status *is before the court for sentencing.*" *Jones v. State*, 901 So. 2d 255, 258 (Fla. 4th DCA 2005) (emphasis added). By contrast, community sanction points are assessed for a violation of probation itself. *Id.*

---

[1] The trial court eventually entered an order specifying the conditions of probation that appellant violated, but this occurred after the trial court lost jurisdiction.

Here, because appellant was not on probation at the time he committed the offense that was before the trial court for sentencing (i.e., aggravated battery with a deadly weapon), the court erroneously assessed four points on his scoresheet for a legal status violation. Appellant's new DUI offense was committed while he was on probation in 2017 and was not before the court for sentencing.

The State nonetheless argues that "instead of assessing legal status points, [appellant] should have been assessed six points under the community sanction violation section for any violation other than a new felony conviction." We reject the State's argument because it incorrectly relies upon double counting. Appellant was already assessed 12 points for the community sanction violation because he was a VFOSC, the violation did not include a new felony conviction, and the violation was not based solely on his failure to pay costs, fines, or restitution. Thus, under the Criminal Punishment Code, appellant was correctly assessed 12 points for the community sanction violation.

The State's position that appellant should have been assessed an *additional* six points (i.e., 18 points total) for the community sanction violation is contrary to the language of the statute. *See* § 921.0024(1)(b)2.a., Fla. Stat. (2017) ("Six (6) sentence points are assessed for each community sanction violation . . . , *unless any of the following apply*: . . . 2. If the community sanction violation is committed by a violent felony offender of special concern . . . : a. Twelve (12) community sanction violation points are assessed for the violation . . . where: I. The violation does not include a new felony conviction; and II. The community sanction violation is not based solely on the probationer or offender's failure to pay costs or fines or make restitution payments.") (emphasis added); *see also* § 921.0024(1)(b), Fla. Stat. (2017) ("Multiple counts of community sanction violations before the sentencing court shall not be a basis for multiplying the assessment of community sanction violation points.").

The State cannot meet its burden of showing that the error was harmless. For scoresheet errors raised on direct appeal, the test for harmless error is whether "the record conclusively shows that the same sentence would have been imposed using a correct scoresheet." *State v. Anderson*, 905 So. 2d 111, 112, 118 (Fla. 2005). Here, the trial court sentenced appellant to a bottom-of-the-guidelines sentence of 37.05 months using a miscalculated scoresheet. Nothing in the record suggests that a sentence of 37.05 months would have been appellant's sentence if the scoresheet had been correct. A corrected scoresheet would reduce appellant's lowest permissible sentence to 34.05 months. Thus, the record does not conclusively show that the same sentence would have been

imposed using a correct scoresheet.

### *Danger-to-the-Community Findings*

Section 948.06(8)(e)1., Florida Statutes (2017), states that if the court determines that a VFOSC has committed a violation of probation other than a failure to pay costs, fines, or restitution, the court shall "[m]ake written findings as to whether or not the violent felony offender of special concern poses a danger to the community." In determining the danger posed by the VFOSC's release, the court "shall base its findings on one or more of the following" factors:

> a. The nature and circumstances of the violation and any new offenses charged.

> b. The offender's present conduct, including criminal convictions.

> c. The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.

> d. The weight of the evidence against the offender.

> e. Any other facts the court considers relevant.

§ 948.06(8)(e)1., Fla. Stat. (2017).

"[T]he written findings requirement of section 948.06(8)(e) is mandatory, not discretionary." *Barber v. State*, 207 So. 3d 379, 384 (Fla. 5th DCA 2016). Moreover, a disposition order is deficient where the trial court makes only a conclusory written finding as to whether a defendant poses a danger to the community, and "there is no indication in the disposition order that the trial court based its finding on one or more of the factors set forth in section 948.06(8)(e)1.a.-e." *Whittaker v. State*, 223 So. 3d 270, 275 (Fla. 4th DCA 2017).

Appellant argues that the trial court's order is insufficient under *Whittaker* because the order "only lists the factors as provided by statute." However, *Whittaker* is distinguishable because it involved a situation where there was no indication in the order that the trial court based its finding on any of the factors set forth in the statute.

4

Here, notwithstanding the State's apparent concession of error on this sub-issue, we conclude that the trial court satisfied the written findings requirement of section 948.06(8)(e). The trial court made written findings as to whether appellant posed a danger to the community, and the court's order indicated that the court based its findings on several of the factors set forth in section 948.06(8)(e)1.a.-e. The statute required nothing more.

In sum, the trial court made adequate written findings under section 948.06(8)(e).

### Failure to Specify Conditions Violated

Finally, we remand for entry of a written revocation order specifying the conditions of probation that appellant violated. *See, e.g.*, *Amador v. State*, 80 So. 3d 1130, 1130 (Fla. 4th DCA 2012).

*Affirmed in part; Reversed in part and Remanded.*

LEVINE, C.J., and ROWE, CYMONIE, Associate Judge, concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

5