DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONNY SANDERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1913

[February 2, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case No. 31-2019-CF-000886A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg and Tatjana Ostapoff, Assistant Public Defenders, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

### *ON MOTION FOR REHEARING AND/OR CLARIFICATION*

PER CURIAM.

We deny Appellant's motion for rehearing, grant his motion for clarification, withdraw our opinion dated December 1, 2021, and issue the following in its place.

Appellant, Jonny Sanders, appeals his conviction for petit theft, as well as the denial of his amended motion to correct sentencing error. We affirm his conviction without discussion. However, we reverse and remand for the trial court to hold an evidentiary hearing on Appellant's challenge disputing prior convictions on his scoresheet.

During the pendency of this appeal, Appellant filed an amended motion to correct sentencing error, pursuant Florida Rule of Criminal Procedure 3.800(b)(2), challenging various prior convictions listed on his scoresheet. Because it does not appear that the trial court ruled on the motion within

sixty days after filing, the motion is deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B).

Having challenged multiple prior convictions included on his scoresheet in his amended rule 3.800(b) motion, Appellant correctly argues that the State was required to introduce competent evidence in support of its scoring of Appellant's prior record and failed to do so. "Once contested, the State [is] required to provide competent evidence that [the d]efendant had committed these crimes." *Dresch v. State,* 150 So. 3d 1199, 1200 (Fla. 4th DCA 2014) (citing *Lyons v. State*, 823 So. 2d 250, 250–51 (Fla. 4th DCA 2002) (holding the state had the burden of providing competent evidence that the defendant had committed a past conviction, when the defendant challenged the inclusion of the past conviction in a rule 3.800(b) motion)).

On appeal, the State concedes this point. "A claim that a defendant's scoresheet erroneously included as scored prior convictions crimes for which he or she had never been convicted requires an evidentiary hearing." *Murphy v. State,* 273 So. 3d 1147 (Fla. 2d DCA 2019) (quoting *Purifoy v. State,* 10 So. 3d 197, 200 (Fla. 2d DCA 2009)); *see also* Fla. R. Crim. P. 3.800(b)(2)(B) (directing trial courts to follow the procedure under rule 3.800(b)(1)(B), which provides that an evidentiary hearing should be held if necessary).

Therefore, we reverse and remand for the trial court to hold an evidentiary hearing on Appellant's claim and for the court to then resentence him if necessary. *See Murphy*, 273 So. 3d at 1147.

*Affirmed in part, reversed in part, and remanded.*

CONNER, C.J., MAY and DAMOORGIAN, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2