852 So.2d 881 (2003)
Thomas STATHAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-932.
District Court of Appeal of Florida, Second District.
August 1, 2003.
KELLY, Judge.
Thomas Stathas appeals the summary denial of his motion filed pursuant to Florida Rules of Criminal Procedure 3.850 and 3.800(a). We affirm the first claim without discussion, and we affirm the second claim without prejudice to any right Stathas may have to refile a facially sufficient motion for prison credit.
On October 30, 1991, Stathas was sentenced to fifteen years in prison followed by five years' probation in case 91-11524 pursuant to a plea agreement with the State. On that same day, he was also sentenced in case 90-18646. Although it is not clear from the record on appeal or Stathas' motion what sentence he originally received in case 90-18646, it appears that he received a probationary split sentence *882 in that case as well.[1] Nonetheless, Stathas was released early from prison due to gain time to begin his probation. On May 19, 1993, he was resentenced to five years in prison for violating his probation in both cases.
Stathas alleged that he is entitled to a total of 399 days of credit and that the trial court must award such credit by court order. It appears that he is referring to his entitlement to prison credit for the time he served on the prison portions of his split sentences before he began serving the probation portions. See Wiggins v. State, 817 So.2d 1016 (Fla. 2d DCA 2002). However, Stathas' claim is facially insufficient because he did not allege that his entitlement to relief is apparent from the face of the record, nor did he allege how and where his entitlement to relief is demonstrated from the record. See Jones v. State, 735 So.2d 541 (Fla. 2d DCA 1999). Therefore, we affirm the trial court's order of denial without prejudice to any right Stathas may have to refile a facially sufficient motion for prison credit under rule 3.800(a). See id. at 542.
Affirmed.
STRINGER and SILBERMAN, JJ., concur.
NOTES
[1] The original judgment and sentence in case 90-18646 is not in the record. However, the violation of probation plea form for case 91-11524 indicates that Stathas also violated probation in case 90-18646, and a judgment and sentence in case 90-18646 dated May 19, 1993, indicates that his probation was revoked and that he was resentenced to five years in prison on that date.