905 So.2d 280 (2005)
Glenn Dale HARPER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-70.
District Court of Appeal of Florida, Second District.
July 8, 2005.
SILBERMAN, Judge.
Glenn Dale Harper, Jr., appeals the trial court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with instructions.
Harper claimed that his consecutive habitual felony offender sentences were illegally imposed. See Hale v. State, 630 So.2d 521 (Fla.1993). The trial court denied the motion as successive, noting that Harper had previously raised the claim in a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. However, the rule 3.850 motion had been denied as untimely and was not determined on the merits. Accordingly, the trial court should not have denied the rule 3.800(a) motion as successive. See Wright v. State, 741 So.2d 1146, 1147 (Fla. 2d DCA 1999). Nevertheless, Harper's rule 3.800 motion is facially insufficient because he did not affirmatively allege that the court records demonstrate on their face an entitlement to relief. See Fla. R.Crim. P. 3.800(a); Tyson v. State, 852 So.2d 428, 429 (Fla. 2d DCA 2003).
Therefore, we reverse the order denying the rule 3.800 motion and remand for entry of an order of dismissal, which shall be without prejudice to any right Harper may have to file a facially sufficient motion pursuant to rule 3.800(a).
Reversed and remanded with instructions.
CASANUEVA and DAVIS, JJ., Concur. *281