920 So.2d 187 (2006)
Martice D. SPEARS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4090.
District Court of Appeal of Florida, Second District.
February 10, 2006.
LaROSE, Judge.
Martice D. Spears challenges the postconviction court's denial of his motion to clarify sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Without attaching any portions of the record to refute Mr. Spears' claim, the postconviction court denied the motion, concluding that Mr. Spears is entitled only to credit against each sentence for the time spent in jail for the charge that resulted in that sentence. See James v. State, 721 So.2d 1265 (Fla. 3d DCA 1998).
The burden is on the postconviction court to attach portions of the record refuting the rule 3.800(a) claim. Felder v. State, 828 So.2d 409 (Fla. 5th DCA 2002). Accordingly, we reverse the order and remand for further proceedings. If the postconviction court again denies Mr. Spears' motion, it shall attach those portions of the record that conclusively refute the claim.
Reversed and remanded.
CASANUEVA, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur in this reversal, but would provide different instructions on remand. Mr. Spears did not file a facially sufficient motion under rule 3.800(a). He filed a "motion to clarify sentence" that makes no reference whatsoever to rule 3.800(a). He does not claim his sentence is illegal, and he does not affirmatively allege that the court records demonstrate on their face an entitlement to an increased award of jail credit. This motion would not be timely under Florida Rule of Criminal Procedure 3.850.
Mr. Spears alleges that he served 341 days in jail "from June 20 till May 7, *188 2002." Even if he means June 20, 2001, either his math is wrong or these dates are wrong. The case numbers reveal that one of the cases was filed significantly later than the other two. It seems to me that before we place a burden on the trial court to "refute" Mr. Spears' allegation, he has some obligation to allege a claim in compliance with the rules that bears some resemblance to the realities of his incarceration.
I agree that the trial court erred when it entered an order disposing of this motion on the merits. Rule 3.800(a) contains virtually no procedural advice to assist the defendant or the trial court. It does not even expressly authorize a defendant to file a motion to correct an illegal sentence. The district courts have not created any consistent, comprehensive set of procedures by case law. The order on appeal could possibly render Mr. Spears' next motion successive. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996) (a defendant is not entitled to successive review of a specific issue which has already been decided against him). It seems to me that such a motion should be dismissed, denied, or stricken as being facially insufficient without prejudice to the defendant's right to file a facially sufficient motion.