LaROSE, Judge.
Michael S. Clark appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court’s order without prejudice to any right Mr. Clark may have to refile a facially sufficient motion for prison credit under rule 3.800(a).
In his motion, Mr. Clark claimed that he was entitled to prior prison credit pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993). Mr. Clark alleged that on August 29, 2005, after violating the probation imposed in September 1999 in circuit court cases 1999-CF-1497, 1999-CF-1506, and 1999-CF-1508, he was sentenced to twenty-one months in prison with credit for time served in all three cases. However, Mr. Clark alleged that he received credit only for time spent in county jail and did not receive credit for time spent in prison for circuit court case 1999-CF-1507. Relying on Tripp, Mr. Clark alleged that his prior prison credit in case 1999-CF-1507 should apply towards his twenty-one-month prison sentences in the other cases because the trial court scored each on the same scoresheet when Mr. Clark was originally sentenced.
The postconviction court summarily denied Mr. Clark’s rule 3.800(a) motion without explanation or supporting attachments. However, Mr. Clark’s claim is facially insufficient because he fails to allege that the error is apparent from the face of the record and fails to allege that the court records demonstrate that he is entitled to relief. See Stathas v. State, 852 So.2d 881 (Fla. 2d DCA 2003) (holding that petitioner’s claim that he was entitled to jail time credit was facially insufficient). Consequently, we affirm the postconviction court’s order without prejudice to any right Mr. Clark may have to refile a facially sufficient motion for prison credit under rule 3.800(a). Id. Any such motion will not be considered successive.
Affirmed.
CASANUEVA and VILLANTI, JJ„ Concur.