935 So.2d 643 (2006)
David Leon POOLE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-833.
District Court of Appeal of Florida, Second District.
August 16, 2006.
SILBERMAN, Judge.
David Poole appeals the postconviction court's denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Although the postconviction court denied the *644 motion, the court should have dismissed it as facially insufficient.
In December 2005, Poole filed his motion, which was actually in the form of a brief letter to the clerk of the court, asserting generally that he was having a problem getting all of the jail credit to which he was entitled in case numbers 02-6493 and 02-16015. Poole referred to an error by the Department of Corrections and referred to "an error in the order the [sic] was given." Poole did not affirmatively allege that the court records demonstrate on their face an entitlement to relief. See Fla. R.Crim. P. 3.800(a); Marshall v. State, 907 So.2d 682 (Fla. 2d DCA 2005); Harper v. State, 905 So.2d 280 (Fla. 2d DCA 2005). Further, it is unclear what jail credit he claims he did not receive or specifically what entitles him to relief under rule 3.800. Thus, we conclude that his motion is facially insufficient.
In its order, the postconviction court did not consider the sufficiency of Poole's motion. Instead, the court analyzed the history of Poole's cases and recalculated the jail credit award based on dates that the court determined Poole had been in the county jail. Further, the court cited to Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), apparently believing Poole was arguing that his longest jail credit award should apply to his sentences in both cases because the trial court imposed concurrent sentences. The postconviction court denied relief, concluding that Poole received all of the jail credit to which he was entitled. Although the court attached a number of documents to its order, the documents do not support all of the date computations contained in the court's order or clearly establish how long Poole remained in jail for the charges.
We note that Poole's brief filed with this court contains more detail than his original motion, suggesting that his actual complaints are something other than those addressed by the postconviction court. Because the factual and legal allegations raised in his brief were not raised before the postconviction court, we cannot consider them for the first time on appeal. See Garrison v. State, 884 So.2d 290 (Fla. 2d DCA 2004).
Therefore, we reverse and remand for entry of an order dismissing Poole's motion. The dismissal shall be without prejudice to any right Poole may have to file a facially sufficient motion under rule 3.800.
WHATLEY and DAVIS, JJ., Concur.