944 So.2d 1254 (2006)
Vetrony LIVINGSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2137.
District Court of Appeal of Florida, Second District.
December 29, 2006.
VILLANTI, Judge.
Vetrony Livingston appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with instructions.
Livingston claims that he does not qualify as a prison releasee reoffender because he did not commit his new offense within three years of being released from a state correctional facility. See § 775.082(9)(a)(1), Fla. Stat. (2001). However, Livingston's motion is facially insufficient *1255 because it did not affirmatively allege that the court records demonstrate on their face an entitlement to relief. See Fla. R.Crim. P. 3.800(a); see also Tyson v. State, 852 So.2d 428, 429 (Fla. 2d DCA 2003).
It appears that the postconviction court relied on exhibits prepared by the Department of Corrections after Livingston was sentenced as a basis for summarily denying the motion on its merits. It is unclear whether the exhibits were part of the trial court record in the proceeding in which the challenged sentence was imposed. Nevertheless, because Livingston's motion is facially insufficient, the postconviction court should have dismissed the motion, rather than deny it on its merits. Therefore, we reverse the order denying the rule 3.800(a) motion and remand for entry of an order of dismissal, which shall be without prejudice to any right Livingston may have to file a facially sufficient motion pursuant to rule 3.800(a) or a timely and facially sufficient motion pursuant to rule 3.850.
Reversed and remanded with instructions.
SALCINES and DAVIS, JJ., Concur.