KELLY, Judge.
John Clark Daniels appeals the summary denial of his motion to define and clarify sentence filed under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with instructions.
Daniels alleges that he is entitled to 347 days’ jail credit in circuit court cases 01-04946-CFAWS, 02-02300-CFAWS, 02-03807-CFAWS, and 02-03748-CFAWS, thereby making the sentences coterminous. The postconviction court denied the motion on the merits. We reverse the postconviction court’s order because Daniels’ motion is facially insufficient. See Fla. R.Crim. P. 3.800(a); see also Stathas v. State, 852 So.2d 881, 882 (Fla. 2d DCA 2003) (holding that petitioner’s claim that he was entitled to jail time credit was facially insufficient where petitioner failed to allege that court records demonstrated his entitlement to additional jail credit).
Even if Daniels’ motion was facially sufficient, the postconviction court failed to attach any record documents to support its *1256 findings. “The burden is on the postcon-viction court to attach portions of the record refuting the rule 3.800(a) claim.” Spears v. State, 920 So.2d 187, 187 (Fla. 2d DCA 2006). Therefore, we reverse the order denying the rule 3.800(a) motion and remand for entry of an order of dismissal without prejudice to any right Daniels may have to file a facially sufficient rule 3.800(a) motion or a timely facially sufficient rule 3.850 motion. Such motion shall not be considered successive.
Reversed and remanded with instructions.
SALCINES and LaROSE, JJ., Concur.