VILLANTI, Judge.
Willie Charles Dixon appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the postconviction court should have dismissed the motion as legally insufficient, we reverse and remand with an instruction to do so.
On May 31, 2006, Dixon filed his motion to correct illegal sentence, claiming that his sentence did not effectuate the intent of his plea bargain. In summarily denying the motion, the postconviction court found Dixon’s claim was not cognizable in a rule 3.800(a) motion because he did not allege his sentence was illegal. The postconviction court also summarily found that Dixon’s sentence did, in fact, effectuate the intent of his plea.
However, Dixon’s motion is facially insufficient because it did not affirmatively allege that the court records demonstrate on their face an entitlement to relief. See Fla. R.Crim. P. 3.800(a); Livingston v. State, 944 So.2d 1254 (Fla. 2d DCA 2006); Stathas v. State, 852 So.2d 881 (Fla. 2d DCA 2003). Therefore, the postconviction court should have dismissed the motion, rather than deny it on its merits. See Livingston, 944 So.2d at 1254; Poole v. State, 935 So.2d 643, 644 (Fla. 2d DCA 2006). Accordingly, we reverse and remand for entry of an order dismissing Dixon’s motion. The dismissal shall be without prejudice to any right Dixon may have to file a facially sufficient motion under rule 3.800(a) or a timely, facially sufficient motion under rule 3.850.
Reversed and remanded with instructions.
ALTENBERND, J., Concurs.
SILBERMAN, J., Concurs specially.