965 So.2d 846 (2007)
Earl L. GRANT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-846.
District Court of Appeal of Florida, Second District.
September 28, 2007.
CASANUEVA, Judge.
Earl L. Grant, Jr., appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the postconviction court failed to attach portions of the record conclusively refuting Mr. Grant's claim, we reverse.
Mr. Grant alleges that he did not receive all jail credit for the time he was in the Pinellas County jail. Specifically, he alleges that he did not receive jail credit from December 2005 through June 2006, in case 06-12442. The postconviction court, relying on Whitehurst v. State, 654 So.2d 607 (Fla. 2d DCA 1995), correctly found that Mr. Grant was only entitled to credit against each sentence for time spent in jail on those charges. However, the postconviction court failed to attach portions of the record to conclusively refute Mr. Grant's allegations. "The burden is on the postconviction court to attach portions of the record refuting the rule 3.800(a) claim." Spears v. State, 920 So.2d 187 (Fla. 2d DCA 2006). Therefore, we reverse the order denying the rule 3.800(a) motion and remand for further proceedings. If the postconviction court again denies Mr. Grant's motion, it shall attach those portions of the record that conclusively refute the claim.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.