ALTENBERND, Judge.
 

 Timothy Bloye appeals an order denying his postconviction motion, which he filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Bloye declined to amend his motion after the trial court struck the motion with leave to amend on grounds that it was facially insufficient. When Mr. Bloye filed no amended motion, the trial court entered an order denying relief. We affirm.
 

 In May 2006, Mr. Bloye pleaded guilty to charges of lewd and lascivious conduct and received a sentence of eighty-two months’ imprisonment. He filed a petition for a belated appeal that was dismissed.
 
 Bloye v. State,
 
 959 So.2d 260 (Fla. 2d DCA 2007) (table decision).
 

 Mr. Bloye filed this motion for postcon-viction relief in September 2007 with the assistance of the same attorney who represents him on appeal. The motion is a bare-bones motion. The first thirteen enumerated paragraphs of the motion apparently provide only the information that one would use to fill in the blanks on the form motion contained in Florida Rule of Criminal Procedure 3.987. We say “apparently” because, for example, one allegation — “3. The Defendant was sentenced to eighty-two months in prison” — would be a proper response to section three of the form motion in which the defendant provides the length of his sentence. On the other hand, section eight of the form asks whether the defendant appealed from the judgment of conviction, and Mr. Bloye’s motion contains an allegation — “8. Yes. The Defendant testified at his sentencing” — which is not responsive to the question in the form.
 

 The grounds for the motion are contained in paragraph 14. In its entirety, paragraph 14 states:
 

 14. Grounds:
 

 A.) The conviction was obtained as a denial of effective assistance of counsel.
 

 1.) Petitioner’s trial counsel promised Petitioner a downward departure at sentencing.
 

 
 *139
 
 C.) The conviction was obtained due to a conflict of interest between the Petitioner and the trial court.
 

 1.) The trial court removed the Petitioner’s children from his custody due to his arrest in Family Court. Judge Babb was then transferred to Criminal Court and handled his case after the matter began with Judge Tepper.
 

 D.) The conviction was obtained as a denial of effective assistance of counsel.
 

 1.) Trial counsel failed to bring forth this conflict of interest and ask that the trial court excuse herself.
 

 The trial court entered a “nonflnal order” on October 16, 2008, addressing each ground. As to ground A, it explained that the motion did not even allege that the eighty-two-month sentence was not a downward departure. The trial court ruled that the content of ground A was facially insufficient to allege either deficient performance of counsel or prejudice. Accordingly, it struck ground A.
 

 As to ground B, the court merely noted that no such ground had been pleaded. As to ground C, the trial court noted that Mr. Bloye appeared to be alleging that Judge Babb should have recused herself in the absence of a motion to disqualify. The trial court concluded that this ground raised an issue that could or should have been raised on direct appeal and that the better postconviction approach to the issue was provided in ground D. Accordingly, it denied this ground without leave to amend.
 

 As to ground D, the trial court noted that failure to file a motion to disqualify could be ineffective assistance of counsel but that the allegations did not contain enough information to establish that Judge Babb’s involvement in the family law case would have been a basis to file a motion to disqualify. Accordingly, it struck this ground with leave to amend. The trial court granted Mr. Bloye’s attorney thirty days in which to file an amended motion and expressly advised that the order was not an appealable order.
 

 When no amended pleading had been received by December 1, 2008, the trial court entered a final order denying post-conviction relief. No appeal of that order was timely filed, and this appeal is the result of a petition to file a belated appeal.
 
 Bloye v. State,
 
 8 So.3d 360 (Fla. 2d DCA 2009) (table decision).
 

 The procedures followed by the trial court are in accordance with
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). In this case, more than two years and a month had elapsed from the entry of the judgment and sentence by the time the trial court entered its nonflnal order. A new motion would have been untimely and the trial court was giving Mr. Bloye a final opportunity to plead a facially sufficient claim. Thus, our issue on appeal is whether the trial court properly struck and denied the original grounds in its earlier nonflnal order. We conclude that the trial court’s analysis was appropriate in that order and that it had the authority to enter the final order on the merits when it received no amended motions.
 

 Affirmed.
 

 VILLANTI and WALLACE, JJ., Concur.