DAVIS, Judge.
 

 Carlos Watson challenges the postcon-viction court’s Order Denying Motion to Vacate Judgment of Conviction and Sentence. Because the postconviction court failed to consider the alleged claims of error and ineffective assistance, we reverse.
 

 After his conviction and sentence for aggravated battery, burglary, and aggravated assault, Watson filed his Motion to Vacate Judgment of Conviction and Sentence with Special Request for Leave to Amend and For Evidentiary Hearing. The trial court dismissed the initial motion as it was unsworn; however, Watson filed an amended motion correcting that deficiency.
 

 Watson’s amended motion raised five claims. The first claim was not an actual claim of error but rather a request for additional time to file an amended motion. Claims two and three raised ineffective assistance of counsel, claim four raised a Brady
 
 [1]
 
 violation, and claim five alleged cumulative error.
 

 In his first claim, Watson alleged that he was being denied his rights to adequate postconviction representation by the refusal of certain state agencies to respond to his records requests. Watson explained that the two-year time period for filing a motion pursuant to rule 3.850 was about to expire but that he needed additional time to pursue those requests. He therefore timely filed the motion but sought an extension of time in which to amend the motion with the information gleaned from the responses to his records requests. He also asked that he be determined indigent so that his discovery costs would be provided.
 

 The postconviction court granted the requested extension, allowing Watson thirty days within which to amend his motion, but the court denied Watson’s request for the indigency determination. The order did not address any of the allegations in claims two through five.
 

 After receiving the response to his records requests, Watson advised the post-conviction court that he did not intend to file an amended or supplemental motion. Based on this information, the postconviction court summarily denied the entire motion without any discussion or reference to any portions of the record. The court’s order merely stated: “Defendant chose not [to] amend his motion. It is therefore ORDERED AND ADJUDGED that the
 
 *808
 
 Defendant’s motion is DENIED.” This was error.
 

 The postconviction court may only summarily dispose of a claim in a rule 3.850 motion if it has determined either that the claim is facially insufficient or that it is refuted by the record as supported by record attachments.
 
 [2]
 

 See Griggs v. State,
 
 995 So.2d 994, 995 (Fla. 1st DCA 2008) (“We review the summary denial of claims for postconviction relief to determine whether the claims are legally sufficient and whether they are conclusively refuted by the record.”). Here, however, the court never addressed claims two through five and instead denied the entire motion because Watson did not file an amended motion.
 
 [3]
 

 Accordingly, we reverse the postconviction court’s order denying Watson’s rule 3.850 motion and remand the case for consideration of each previously unaddressed claim.
 

 Reversed and remanded.
 

 WHATLEY and LaROSE, JJ„ Concur.
 

 [1]
 

 .
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
 

 [2]
 

 . We note that to deny a motion suggests that the postconviction court has considered the claims on their merits.
 
 See Livingston v. State,
 
 944 So.2d 1254 (Fla. 2d DCA 2006). There is no indication, however, that this postconviction court considered these claims on their merits. There is also nothing in the record to indicate that the postconviction court considered the facial sufficiency of these claims. If the postconviction court determines on remand that Watson’s claims are facially insufficient, the proper disposition is to dismiss the claims.
 

 [3]
 

 . Had the postconviction court's prior order dismissed claims two through five as facially insufficient, the failure to file an amendment would have justified the summary denial of the claims.
 
 See Bloye v. State,
 
 28 So.3d 137 (Fla. 2d DCA 2010).