PER CURIAM.
Peguy Joseph appeals an order dismissing his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. The order, which was dated April 19, 2010, informed Mr. Joseph that his motion was facially insufficient, dismissed the motion without prejudice, and, citing Spera v. State, 971 So.2d 754 (Fla.2007), granted Mr. Joseph thirty days to file a facially sufficient claim. The order also advised Mr. Joseph that he “may not appeal until such time as this Court has entered a final Order.” Despite this admonition, Mr. Joseph prematurely filed this appeal. Accordingly, this appeal is dismissed as an appeal from a nonfinal and nonappealable order. See Williams v. State, 884 So.2d 374, 375 (Fla. 2d DCA 2004) (explaining that a dismissal of a pleading with leave to amend “renders the order nonfinal and nonappealable”).
We also observe that more than two years had elapsed from the date Mr. Joseph’s judgment and sentence became final to the time the trial court entered its nonfinal order. Accordingly, the two-year time limitation for filing a motion for post-conviction relief pursuant to rule 3.850 has expired.
We recognize the possibility that Mr. Joseph might have filed an amended motion prior to the expiration of the thirty days he was given to do so by the trial court; there is no indication in the appellate record one way or the other. If he has done so, on remand, the trial court may consider his amended motion on its merits. If he has not, the trial court shall enter a final order denying Mr. Joseph’s motion for postconviction relief. See Bloye v. State, 28 So.3d 137, 139 (Fla. 2d DCA *384 2010) (holding that after the expiration of the two-year time limit, and having offered the defendant the opportunity to file an amended motion pursuant to Spera, the trial court had the authority to enter a final order on the merits when no amended motion was received).
Dismissed.
KELLY, WALLACE, and CRENSHAW, JJ., Concur.