SHARP, Judge.
Inglis appeals from an order denying his post-conviction motion to vacate his judgment and sentence for the sale of cocaine after he had completed serving his sentence for possession of cocaine with intent to sell.[1] The trial court had sentenced In-glis to eighteen months in prison for the possession count, and three years of probation on the sale count, to run consecutive to the prison sentence. Both counts involved the identical quantum of cocaine. On the authority of State v. Smith, 547 So.2d 613 (Fla.1989), we reverse.
In Smith, the Florida Supreme Court held that (1) Carawan v. State, 515 So.2d 161 (Fla.1987) has been overridden by the 1988 amendment to section 775.021(4),[2] but that (2) the override will not be retroactively applied to offenses committed before the effective date of the amendment (July 1, 1988). In addition, the court approved the decision of the Second District in Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), which reversed Gordon’s convictions for both the sale and possession of the same “rock” of cocaine. The court relied on Carawan in holding that the dual convictions based on the same underlying act constituted error.
This case also involves the same cocaine for both offenses. They were committed on March 24, 1987, before the effective date of the amendment. In addition, at the time of sentencing (January 8, 1988), Cara-wan had been decided. Thus, authority existed for the trial court to vacate one of the two convictions. Because the dual sentences as imposed were illegal pursuant to Carawan, this motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 was proper. Therefore we reverse the order denying Inglis’ motion and remand with instructions to vacate the judgment and sentence for the sale of cocaine.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.

. Both offenses constitute a violation of section 893.13(l)(a)l. Fla.Stat. (1987).

. Ch. 88-131, § 7, Laws of Fla.