PER CURIAM.
Appellant, Terrance Dubose, challenges the judgments and sentences imposed against him. We find that the trial court erred in sentencing the appellant and, accordingly, reverse and remand for resen-tencing.
On June 11, 1986, appellant was charged with conspiracy to traffic in heroin (count I), conspiracy to traffic in cocaine (count II), trafficking in illegal drugs (count III), possession of cocaine with intent to deliver (count IV), possession of heroin with intent to deliver (count V), trafficking in cocaine (count VI), and racketeering (count VII). The jury found him guilty on all counts.
The trial court sentenced appellant to the ten year minimum mandatory on count I. On count III, appellant was sentenced to the ten year minimum mandatory to run concurrently to count I. The trial court did not sentence appellant for the possession counts, counts IV and V. The trial court imposed three nine year sentences for the remaining counts, counts II, VI, and VII, to run concurrently with count I.
We agree with appellant’s contention that the trial court erred by including points on the guidelines scoresheet for the two possession counts (counts IV and V). We disagree with appellant’s remaining contentions.
*593 In calculating the presumptive guidelines range, the trial court included points for the two counts of possession with intent to deliver. According to Carawan v. State, 515 So.2d 161 (Fla.1987), the convictions for possession were invalid. See also Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988) (improper to convict defendant of both sale of cocaine and possession with intent to sell). Thus, pursuant to Florida Rule of Criminal Procedure 3.701(d)(4), the offenses for possession with intent to deliver should not have been included on the seoresheet. Carawan had been decided by the time of sentencing and the trial court should have applied it. Inglis v. State, 547 So.2d 702 (Fla. 5th DCA 1989).
Appellant did not object to the seoresheet at sentencing. However, this issue has been held to be fundamental, and therefore, we may consider it. Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1989).
We find the trial court erred in scoring points for the two possessions. We remand so that appellant may be resentenced with a properly prepared seoresheet. We affirm in all other respects.
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.