PER CURIAM.
Appellant, Thomas D. Young, challenges the judgments and sentences entered *912 against him. We find that the trial court erred in sentencing the appellant and, accordingly, reverse and remand for resen-tencing.
Appellant was charged with conspiracy to traffic in heroin (count I), conspiracy to traffic in cocaine (count II), trafficking in illegal drugs (count III), possession of cocaine with intent to deliver (count IV), possession of heroin with intent to deliver (count V), trafficking in cocaine (count VI), and racketeering (count VIII). The jury found appellant guilty on all counts.
The trial court sentenced appellant to a term of twelve years imprisonment and imposed the ten year minimum mandatory provision for count I, conspiracy to traffic in heroin. For count III, trafficking in illegal drugs, appellant received a concurrent sentence of twelve years imprisonment with the ten year minimum mandatory provision. The trial court did not sentence appellant for the possession counts, count IV and V. The trial court imposed twelve year sentences for the remaining counts, counts II, VI, and VII, to run concurrently with count I.
We agree with appellant’s contention that the trial court erred by including points on the guidelines scoresheet for the two possession counts (counts IV and V). We disagree with appellant’s remaining contentions.
In calculating the presumptive guidelines range of nine to twelve years, the trial court, over appellant’s objection, included points for the two possession counts. According to Carawan v. State, 515 So.2d 161 (Fla.1987), the convictions for possession were invalid. See also Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988) (improper to convict defendant of both sale of cocaine and possession of cocaine with intent to sell). Thus, pursuant to Florida Rule of Criminal Procedure 3.701(d)(4), these offenses should not have been included on the scoresheet. Carawan had been decided by the time of sentencing and the trial court should have applied it. Inglis v. State, 547 So.2d 702 (Fla. 5th DCA 1989).
We find the trial court erred in scoring points for the two possession counts. We remand so that appellant may be resen-tenced with a properly prepared scoresheet. We affirm in all other respects.
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.