706 So.2d 396 (1998)
Louis Edward KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1025.
District Court of Appeal of Florida, First District.
February 19, 1998.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
Louis E. Kelly (Kelly) appeals the addition of four legal status points on his sentencing scoresheet, arguing that the addition is redundant and illogical in his case. We affirm.
Kelly, in case 96-1916, pleaded nolo contendere to grand theft committed on August 4, 1996, in Bay County. Kelly, in case 96-2204, pleaded nolo contendere to grand theft auto, and driving with a suspended or revoked license committed on September 9, 1996, in Bay County; Kelly also pleaded to violation of the probation imposed in case 96-1916. The trial judge then sentenced Kelly to one year of community control, followed by four years of probation, to run concurrently in both cases. Kelly subsequently violated legal status in both case 96-1916 and case 96-2204 by failing to report to his probation officer, and by being charged with disorderly conduct.
The trial judge, sentencing Kelly in case 96-2204, included cases 96-1916 and 96-2204 on one guidelines scoresheet, as required by Florida Rule of Criminal Procedure 3.701(d). The judge, pursuant to Florida Rule of Criminal Procedure 3.703(d)(16), assessed four legal status violation points, and assessed the four points only once. Kelly argues that four points should not have been assessed under subsection (d)(16) of rule 3.703 because points were assessed under subsection (d)(17) of the rulehe says this is redundant.
Rule 3.703 in relevant part provides:
(16) "Legal status points" are assessed when an offender:

....

*397 (G) Is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction. Legal status violations[[1]] receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(17)Community sanction violation points occur when the offender is found to have violated a condition of:

(A) Probation;

(B) Community Control; or
(C) Pretrial Intervention or diversion.

Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points shall be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points shall be assessed....
(Emphasis added.) The plain language of the rule thus requires the imposition of points under both subsections.[2]
The trial judge correctly assessed four legal status violation points when sentencing Kelly. We therefore affirm Kelly's judgment and sentence.
KAHN and MICKLE, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.701(d)(6) in relevant part provides:

"Legal status at time of offense" is defined as follows: Offenders on parole, probation, or community control; offenders in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs. Legal status points are to be assessed where these forms of legal constraint existed at the time of the commission of offenses scored as primary or additional offenses at conviction. Legal status points are to be assessed only once whether there are one or more offenses at conviction.
(Emphasis added.)
[2] We note that the standard scoresheet provides for the addition of points for both "Legal Status Violation = 4 Points," see Florida Rule of Criminal Procedure 3.991(a)(V), and for "Community Sanction Violation before the court for sentencing." See id. at (VI) ("6 Pts × each such successive violation OR New Felony Conviction = 12 Pts × each such successive violation").