723 So.2d 363 (1998)
Shon Glynn MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2649.
District Court of Appeal of Florida, First District.
December 28, 1998.
Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On direct appeal, Shon Glynn Mills asks us to correct a scoresheet error plain on the face of the record. The sentencing court erred by assessing both four points for a legal status violation under Florida Rule of Criminal Procedure 3.703(16) and six points for a community sanction violation under Florida Rule of Criminal Procedure 3.703(17) when sentencing only for offenses for which Mr. Mills was on probation and not for the offense he committed while on probation. We must, however, affirm.
*364 While under no "legal status," Mr. Mills committed grand theft and dealt in stolen property on September 10,1996, in Escambia County. He entered a plea of no contest to the information charging these offenses and was placed on probation. On December 23, 1997, while still on probation, he allegedly drove an automobile in Okaloosa County while his license was suspended or revoked, for which he spent six months in jail.
After his release from jail in Okaloosa County and return to Escambia County, his probation was revoked and the sentence now appealed was pronounced. Under the sentencing guidelines, Mr. Mills scored 31.2 points to which the trial court added four points for a legal status violation under Florida Rule of Criminal Procedure 3.703(16) and six points for a community sanction violation under Florida Rule of Criminal Procedure 3.703(17). The resulting score (41.2) yielded a sentencing range of 9.9 to 16.5 months' imprisonment, while a score of 40 or less does not authorize a state prison sentence. § 921.0014(2), Fla. Stat. (Supp.1996). After Mr. Mills entered a plea of no contest to violating probation, the trial court adjudicated him guilty of grand theft and dealing in stolen property and sentenced him to 16.5 months in state prison for those offenses.
The trial court properly added six points for a community sanction violation under Florida Rule of Criminal Procedure 3.703(17). Subsection 17 provides:
(17) Community sanction violation points occur when the offender is found to have violated a condition of:
(A) Probation;
(B) Community Control; or
(C) Pretrial Intervention or diversion.

Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points shall be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points shall be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows a continuation of supervision, or modification or revocation of the community sanction before the court for sentencing and are not to be assessed for violation of several conditions of a single community sanction. Multiple counts of community sanction violations before the sentencing court shall not be the basis for multiplying the assessment of community sanction violation points.
(Emphasis supplied.) But the trial court erred in adding four points for a legal status violation under Florida Rule of Criminal Procedure 3.703(16). Subsection 16 provides:
(16) "Legal status points" are assessed when an offender:
(A) Escapes from incarceration;
(B) Flees to avoid prosecution;
(C) Fails to appear for a criminal proceeding;
(D) Violates any condition of a supersedeas bond;
(E) Is incarcerated;
(F) Is under any form of a pretrial intervention or diversion program; or
(G) Is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(Emphasis supplied.) Before the court for sentencing were the two offenses for which Mr. Miller had been placed on probation, which was duly revoked.
The additional four points were not authorized because the grand theft and dealing in stolen property did not occur while Mr. Mills was on "legal status." He had already been sentenced in Okaloosa County for the driving offense which, although a misdemeanor, did occur while he was on "legal status." "Legal status points are assessed when any form of legal status existed at the time the offender committed an offense before the court for *365 sentencing." § 921.0014(1)(b), Fla. Stat. (Supp.1996). This case is therefore distinguishable from Kelly v. State, 706 So.2d 396 (Fla. 1st DCA 1998), where the trial court scored both the offense as to which there had been a probation violation and the separate offenses that violated probation on one scoresheet, in keeping with Florida Rule of Criminal Procedure 3.703(d)(2). See Kelly, 706 So.2d at 396. For the first offense, grand theft, Mr. Kelly received points because he violated his probation for grand theft by committing new offenses. For the two new offenses (grand theft auto and driving with a suspended or revoked license), Mr. Kelly received four points because he committed the new offenses while on probation for grand theft.
We held that a defendant who violated probation could receive both four points for a legal status violation under Florida Rule of Criminal Procedure 3.703(16) as to the new offenses and points for a community sanction violation under Florida Rule of Criminal Procedure 3.703(17) as to the original offense. Kelly, 706 So.2d at 396-97. When probation is revoked, Florida Rule of Criminal Procedure 3.703(d)(16) and (17) authorize points both for violating probation and for the acts that constitute the probation violations where the new offenses are punishable as felonies themselves. See id. at 397.
Here the scoresheet indicates that Mr. Mills did not commit the offenses of grand theft and dealing in stolen property while on probation, community control, or pretrial intervention or diversion. The trial court in Escambia County erred therefore by adding four points to the scoresheet in sentencing for these offenses. Because Mr. Mills did not commit grand theft or dealing in stolen property while under legal status, he should only have received six points for a community sanction violation, for a total of 37.2 points. Assigning an additional four points for "legal status" violation was clear error.
Unless the error can also be said to be fundamental, however, we must affirm, because trial counsel did not bring the error to the trial court's attention. See generally Gayton v. State, 725 So.2d 1179 (Fla. 1st DCA 1998); Nelson v. State, 719 So.2d 1230, 23 Fla. L. Weekly D2241 (Fla. 1st DCA 1998) (en banc). Ordinarily scoresheet errors are not deemed fundamental error so as to be cognizable on direct appeal in the absence of a timely objection or motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b). See Seccia v. State, 720 So.2d 580, 23 Fla. L. Weekly D2346 (Fla. 1st DCA 1998); Romano v. State, 718 So.2d 283 (Fla. 4th DCA 1998); Williams v. State, 697 So.2d 164 (Fla. 1st DCA 1997); but see Gayton, Case No. 97-3672, 725 So.2d at 1180 (holding scoresheet error resulting in increased maximum sentence cognizable on direct appeal notwithstanding the absence of objection at the trial level); Dubose v. State, 566 So.2d 592 (Fla. 2d DCA 1990) (holding scoresheet error attributable to double jeopardy violation cognizable on direct appeal notwithstanding the absence of objection at the trial level). We see no basis for deeming the scoresheet error fundamental here.
Under Florida Rule of Criminal Procedure 3.800(a), however, a "court may at any time correct" a scoresheet error. See Waldron v. State, 696 So.2d 1318, 1318 (Fla. 1st DCA 1997) (holding "trial court has jurisdiction to consider a 3.800(a) motion while direct appeal is pending" since Florida Rule of Appellate Procedure 9.600(d) has been amended); McGowan v. State, 586 So.2d 1311,1314 (Fla. 5th DCA 1991).
Accordingly, we affirm, without prejudice to proceedings under Florida Rule of Criminal Procedure 3.800(a).
BOOTH and VAN NORTWICK, JJ., concur.