980 So.2d 613 (2008)
Roderick LOCKHART, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4810.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
*614 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence on a revocation of probation. He argues the trial court erred in sentencing him as a habitual felony offender on the revocation of his probation because the trial court had not originally sentenced him as a habitual felony offender on the original charge. He further argues that the scoresheet inaccurately reflects points for legal status. We agree with both arguments and reverse and remand the case for correction of the errors.
The State charged the defendant with delivery of cocaine and filed a notice of intent to seek a habitual felony offender sentence. Prior to trial, the State offered the defendant a term of probation for a year and a day as a habitual felony offender. After listening to the defendant, the trial court told him it would "give him a shot." Because the State did not have the proper paperwork, the defendant stipulated that he qualified as a habitual felony offender.
Later during that docket, the defendant entered an "open" guilty plea to the court. The trial court adjudicated him guilty and sentenced him to three years probation. The court did not declare him to be a habitual felony offender nor did the disposition order reflect a habitual felony offender sentence.
Subsequently, the defendant's probation officer filed a violation of probation alleging that the defendant had been arrested for driving on a suspended license. At the hearing, defense counsel advised the court that the defendant qualified as a habitual felony offender. The defendant admitted the violation, and the court revoked probation. On the defendant's scoresheet, four points were added for a legal status violation and six points were added for a community sanction violation. The court sentenced the defendant as a habitual felony offender to 16.125 months in prison, which was the bottom of the scoresheet, with credit for 29 days served.
Immediately after sentencing, the defendant filed a pro se motion to correct an illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. He argued that his sentence was illegal because this was his first delivery and he hadn't been to prison in 18 years.
The State responded that the defendant's scoresheet added points for the violation of probation. It also argued that the habitual felony offender status was proper because the defendant had stipulated to qualifying for that status after the *615 State read a list of his prior convictions into the record. The State drew the trial court's attention to the fact that the original disposition order did not reflect the defendant's designation as a habitual felony offender. The trial court denied the defendant's motion to correct illegal sentence, but directed the clerk "to amend the disposition order in this case to include the HFO designation that reflects this Court's oral pronouncement at sentencing."
While this appeal was pending, the defendant, through counsel, moved to correct the sentencing error pursuant to Rule 3.800(b)(2). He argued that it was error for legal status points to have been added to his scoresheet because he was not on legal status at the time he committed the original offense. He also argued that the trial court erred when it sentenced him as a habitual felony offender on the violation of probation because the court did not declare him a habitual felony offender at the original sentencing.
The State responded that the motion was untimely. The trial court denied the motion.
The defendant argues the trial court was prohibited from declaring him a habitual offender on the violation of probation when it had not done so in the original sentence. The State responds by equating the defendant's admission to qualifying as a habitual felony offender and his agreement to the plea offer with the requisite court declaration of that status.
"The legality of a sentence is a question of law and is subject to de novo review." Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005).
The record here is clear that the trial court did not declare the defendant to be a habitual felony offender at initial sentencing. While he was questioned about whether he qualified as a habitual felony offender, and stipulated that he was, the trial court neither declared him to be nor indicated that status on the disposition order. Because the defendant did not enter into a negotiated plea and the trial court did not declare the defendant to be a habitual felony offender at his initial sentence, the trial court could not add that designation in a sentence for violation of probation. King v. State, 681 So.2d 1136 (Fla.1996) (defendant cannot be sentenced as a habitual felony offender upon revocation of probation after serving the incarceration part of a split sentence if not declared to be a habitual offender at initial sentencing). See also Terry v. State, 808 So.2d 1249 (Fla.2002) (habitual felony offender sentence is not reversible if the defendant agreed to its inclusion in an otherwise valid negotiated plea that does not exceed the statutory maximum).
The defendant further argues that the trial court erred when it assessed points for legal status on his scoresheet. The State agrees and so do we.
Legal status points are assessed at the time of sentencing if, at the time of the commission of the offense(s) for which he is being sentenced, the defendant was under any form of legal status. § 921.0024(1)(b), Fla. Stat. (2006); Fla. R.Crim. P. 3.704(d)(15); see Kelly v. State, 706 So.2d 396 (Fla. 1st DCA 1998). "Community sanction violation points are assessed when a community sanction violation is before the court for sentencing." § 921.0024(1)(b); accord Fla. R.Crim. P. 3.704(d)(16); see Kelly, 706 So.2d at 397.
When the trial court sentenced the defendant on the violation of probation, it properly assessed community sanction violation points. However, at the time the defendant committed the underlying offense, he was not under any legal status; therefore, the assessment of legal status *616 points was improper. The case Mills v. State, 723 So.2d 363 (Fla. 1st DCA 1998), is on point. See also Jones v. State, 901 So.2d 255, 256, 258 (Fla. 4th DCA 2005).
We therefore reverse and remand the case for correction of the judgment to delete the habitual felony offender designation and to correct the scoresheet by eliminating the legal status points. Because the defendant has already served his sentence, re-sentencing is unnecessary.
Reversed and Remanded.
SHAHOOD, C.J., and POLEN J., concur.