MAY, C.J.
The defendant appeals his convictions and sentences for two counts of attempted second-degree murder and one count of shooting into an occupied vehicle. He argues the trial court erred in admitting evidence of his gang affiliation and hierarchy, in failing to instruct the jury on attempted manslaughter although no request was made to do so, and in sentencing the defendant on the attempted second-degree murder charges as first-degree felonies. The State agrees with the defendant’s sentencing argument. We therefore reverse the sentences; we find no error in the other two issues raised.
The State charged the defendant as a principal with two counts of attempted first-degree murder (Counts I & II) and shooting into an occupied vehicle (Count III), and filed notices of intent to seek Habitual Violent Felony Offender and Prison Releasee Reoffender enhanced sentences. The State later filed its motion to amend the information to include language incorporating the elements of attempted second-degree murder with a firearm.
The defendant sought to exclude any reference to his affiliation with, and leadership role in, a gang. He argued the evidence was irrelevant and prejudicial. The State sought a pre-trial order regarding the admissibility of the defendant’s gang membership. The trial court granted the State’s motion. The trial court found:
[T]he evidence of Defendant’s gang membership/leadership and consequences of disobeying the Defendant’s orders [is] 1) relevant 2) more probative than prejudicial to show motive and/or intent and/or 3) ... inextricably intertwined. Evidence concerning the conflict between the Latin Kings and Sucios also is admissible but should be limited so as not to become a feature of this trial.
We have reviewed the admissibility of the defendant’s gang affiliation and find no error in its admission.
The defendant also argues the trial court fundamentally erred in failing to give the attempted manslaughter instruction. We disagree. Because the defendant failed to request the instruction, the omission must rise to the level of fundamental error before we can review it. See Gomez v. State, 5 So.3d 700, 702 (Fla. 5th DCA 2009) (‘When there is no timely request made by the defendant, a trial court’s failure to instruct on a necessarily-lesser included offense in a non-capital case does not constitute fundamental error.”). Given the facts surrounding the shooting, we find no fundamental error.
In his third issue, however, the defendant argues the trial court improperly enhanced his sentences on the two counts of attempted second-degree murder when the defendant was not the shooter and the *1098 jury did not find that he actually possessed a firearm. The State agrees that reclassification of the charges as first-degree felonies, pursuant to section 775.087, Florida Statutes (2005), was improper.
“ ‘The legality of a sentence is a question of law and is subject to de novo review.’ ” Lockhart v. State, 980 So.2d 613, 615 (Fla. 4th DCA 2008) (quoting Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005)).
Because the jury did not make a specific finding — and the evidence does not support — that the defendant actually possessed a firearm during the commission of the offense, the sentence is illegal. See State v. Rodriguez, 602 So.2d 1270, 1272 (Fla.1992) (“[W]hen a defendant is charged with a felony involving the ‘use’ of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony.”). The trial court improperly enhanced the defendant’s convictions on Counts I and II to first-degree felonies. Accordingly, we reverse and remand the case for re-sentencing on these two counts.

Reversed in part and Remanded.

HAZOURI and GERBER, JJ., concur.