VILLANTI, Judge.
In this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Andre Cornelius Holmes challenges the revocation of his probation for third-degree grand theft and the resulting sentence. We affirm the revocation and the sentence without further comment. However, we remand for correction of a scrivener’s error on Holmes’ scoresheet.
In a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), Holmes argued that his scoresheet was not properly calculated because it included twelve points for a “new felony conviction.” He points out that he did not have any new felony convictions at the time of sentencing and that the new substantive charges against him were dropped after he was sentenced on the revocation of probation. Therefore, he contends that he is entitled to be resen-tenced using a corrected scoresheet. However, while Holmes is correct that his scoresheet shows twelve points under the “Community Sanction” section for a new felony conviction, the error is a scrivener’s error rather than a substantive error.
Under the “Community Sanction” section of the Criminal Punishment Code scoresheet, a defendant may be assessed six points for each “community sanction violation,” which points are assessed for each violation of probation. See Jones v. State, 901 So.2d 255, 258 (Fla. 4th DCA 2005); Kelly v. State, 706 So.2d 396, 397 (Fla. 1st DCA 1998); see also Fla. R. Crim. P. 3.704(d)(16) (providing that com *1192 munity sanction points are assessed when a community sanction violation is before the court for sentencing). Here, the record shows that Holmes was before the court for his second violation of probation — the first having come in June 2010. Thus, the State properly scored twelve points under the “Community Sanction” section of Holmes’ scoresheet for these violations of probation. However, the scoresheet preparer incorrectly checked the box in the “Community Sanction” section for a new felony conviction, which also scores twelve points, rather than the box for a probation violation. Thus, while the points total for that section is correct, the incorrect reason for including those points is checked.
Since this scrivener’s error does not affect the total number of points assessed on the scoresheet, Holmes is not entitled to have his sentence reversed on this basis. However, to avoid questions in future proceedings, we remand for the scrivener’s error on the scoresheet to be corrected. Holmes need not be present when this correction is made.
Affirmed, but remanded with instructions.
LaROSE and CRENSHAW, JJ., Concur.