GERBER, J.
The defendant appeals his sentences following his violation of probation. He argues that the circuit court fundamentally erred in failing to consider the criminal punishment code scoresheet and sentencing guidelines before imposing the sentences. The state concedes error. We have reviewed the record and recognize some doubt may exist as to what the court may have considered or intended before imposing the sentences. Therefore, we reverse and remand for resentencing.
The defendant pled guilty in two cases to two counts of robbery with a firearm and one count of robbery with a weapon. For each count, the circuit court imposed a youthful offender sentence of incarceration to be followed by probation, with the sentences to run concurrently.
The state later charged the defendant with violating his probation by committing several new crimes. The trial court ultimately found that the defendant violated his probation. At the end of the violation of probation hearing, the court asked the state: “Are there any impediments to sentencing?” The state responded that because the defendant originally was sentenced as a youthful offender, the issue would be whether any limitations would exist for the violation of probation sentence. The court replied: “[T]he sentencing is going to be either the parameters of youthful offender or what [the defendant] could have been sentenced to at the time that the Court [imposed the youthful offender sentence].” The state responded: “[T]he maximum sentence applicable is life ... which the Court is free without the constraints of the criminal punishment code, without any restraint at all to structure as you wish.” (emphasis added).
At sentencing, the state argued that the defendant received a huge break at his original sentencing by receiving a youthful offender sentence instead of a ten-year minimum mandatory sentence for the use of the firearm. The state then requested the court to sentence the defendant to life in prison.
The court recounted the significant breaks which the defendant received for the imposition of the youthful offender *282 sentence. The court then stated: “I think you have been given opportunities, and you did not take advantage of them.” The court revoked the defendant’s probation and sentenced him to concurrent life sentences on all three counts.
After the court pronounced the sentences, the state produced a criminal punishment code scoresheet showing a lowest permissible prison sentence of 12.25 years and a maximum sentence of life in prison. However, in producing the scoresheet, the state remarked: “[T]his is youthful offender ... It’s not a guideline.” The state asked whether the court wanted the score-sheet submitted. The following exchange then occurred:
Court: I think it should be submitted and put on there—
Prosecutor # 1: Guidelines not applicable.
Court: There’s a space in there, I believe.
Prosecutor # 2: We can put other reason and put guidelines not applicable. Court: That works. I just want to have all the paperwork.
The life sentences were noted on the scoresheet and next to the line “Other Reason,” was written: “Guidelines not applicable (youthful offender).” The court then added its signature to the scoresheet. The sentence on the robbery with a weapon count later was corrected to a thirty-year maximum sentence.
The defendant now argues that the circuit court apparently failed to consider the sentencing guidelines before imposing the sentences because the court imposed sentences without the scoresheet and then directed that the scoresheet be prepared to indicate “Guidelines not applicable (youthful offender).” Recognizing the lack of objection in the circuit court, the defendant argues the error is fundamental because it constitutes a violation of due process and falls outside the scope of a rule 3.800 motion to correct sentencing error. The state concedes this point. We agree. See Josephs v. State, 86 So.3d 1270, 1272 (Fla. 4th DCA 2012) (defendant could not rely on rule 3.800 to raise a sentencing issue involving a denial of due process, but could raise the issue on direct appeal as fundamental error).
We are compelled to reverse and remand for resentencing. We first acknowledge that, at the end of the violation of probation hearing, when the state first used the phrase that the court was free to sentence the defendant “without the constraints of the criminal punishment code,” the state may have intended to convey the point that “the six-year cap does not apply to a youthful offender sentence imposed following a substantive violation of probation.” Christian v. State, 84 So.3d 437, 444 (Fla. 5th DCA 2012). The court may have understood the state’s point because the court earlier stated: “[T]he sentencing is going to be either the parameters of youthful offender or what [the defendant] could have been sentenced to at the time that the court [imposed the youthful offender sentence].”
However, at the sentencing, the court pronounced the sentences before being provided a scoresheet, and then both the state and the court expressed that the scoresheet should indicate the sentencing guidelines were not applicable when, in fact, they were applicable. This was error. See Erickson v. State, 565 So.2d 328, 336 (Fla. 4th DCA 1990) (“In order to reach a fully informed sentencing decision, the trial court must have the benefit of an accurately prepared scoresheet. This requirement applies even if the trial court expresses an intention to impose the maximum statutory sentence at the sentencing hearing.”) (internal citations omitted).
*283 Again, we acknowledge that the notation of “Guidelines not applicable (youthful offender)” on the scoresheet may have been intended to convey the court’s recognition that “the six-year cap does not apply to a youthful offender sentence imposed following a substantive violation of probation.” Christian, 84 So.3d at 444. However, because the court also pronounced the sentences without the scoresheet, and because the record does not conclusively show that the same sentences would have been imposed using a correct scoresheet, we are compelled to reverse and remand for re-sentencing. See Graham v. State, 920 So.2d 1262, 1263 (Fla. 4th DCA 2006) (“[A] scoresheet error requires resentencing unless the record conclusively shows that the same sentence would have been imposed using a correct scoresheet.”) (citation and quotation omitted).

Reversed and remanded for resentenc-ing.

WARNER and LEVINE, JJ., concur.