NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LIANA MONTANEZ,                          )
                                         )
              Appellant,                 )
                                         )
v.                                       )       Case No. 2D14-1606
                                         )
STATE OF FLORIDA,                        )
                                         )
              Appellee.                  )
_____  )

Opinion filed April 1, 2015.

Appeal from the Circuit Court for Polk
County; Ellen S. Masters, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

            We affirm without discussion Liana Montanez's judgment and sentence for

grand theft.  However, we require the correction of Ms. Montanez's scoresheet on

remand.

A jury found Ms. Montanez guilty of a single count of grand theft. The trial court sentenced her to two years on community control. The scoresheet used at sentencing scores four points for victim injury. After filing her notice of appeal, Ms. Montanez filed a motion to correct sentencing error in accordance with Florida Rule of Criminal Procedure 3.800(b)(2). In her motion, Ms. Montanez pointed out that victim injury should not have been scored for the grand theft. See Fla. R. Crim. P. 3.704(d)(9). Ms. Montanez noted that the subtraction of four points for victim injury changed the scoresheet total from 23.4 points to 19 points, which would require a non-state prison sentence, unless the trial court made written findings that a non-state prison sentence could present a danger to the public. § 775.082(10), Fla. Stat. (2010); Fla. R. Crim. P. 3.704(d)(29). Because she had been sentenced to community control, Ms. Montanez explained in her motion that resentencing was not necessary if the trial court determined that it would have imposed the same sentence despite the scoresheet error. Finally, Ms. Montanez informed the trial court that if it decided that resentencing was not necessary, the scoresheet should still be corrected.

The trial court entered an order denying the motion, noting that it "would have imposed the same sentence regardless if the court was required to sentence the Defendant to a non-state prison sanction pursuant to Fla. Stat. 775.082(10)." However, the trial court did not correct the scoresheet. As the State concedes, the scrivener's error in the scoresheet should have been corrected. Accordingly, on remand, the trial court shall correct the scrivener's error in the scoresheet. See Holmes v. State, 109 So. 3d 1191, 1192 (Fla. 2d DCA 2013); Jones v. State, 96 So. 3d 1122, 1122 (Fla. 5th DCA 2012).

Affirmed, but remanded with instructions.


SILBERMAN, KELLY, and WALLACE, JJ., Concur.