DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAUL COSME,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D17-464, 4D17-466 and 4D17-467

[December 13, 2017]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Judge; L.T. Case Nos. 2001-021390 CF10C, 2002-000761 CF10A and 2006-017013 CF10A.

George E. Reres of ReresLaw, LLC, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the summary denial of Raul Cosme's Florida Rule of Criminal Procedure 3.850 motion for postconviction relief and remand for an evidentiary hearing. Cosme's claim that trial counsel failed to convey a plea offer is facially sufficient and is not refuted by the record.

In one of the three cases on appeal, Cosme was charged with two counts of attempted first degree murder with a firearm and one count of shooting into an occupied vehicle. Following a jury trial, he was convicted of two counts of attempted second degree murder and one count of shooting into an occupied vehicle. In the other two cases, Cosme was alleged to have violated his probation, imposed after he pleaded guilty to two counts of robbery with a firearm and one count of robbery with a weapon. Following a final hearing, he was found in violation and his probation was revoked.

Cosme was initially sentenced to life in prison in all three cases. In two separate appeals, we reversed and remanded for resentencing. *Cosme v. State*, 111 So. 3d 280, 282 (Fla. 4th DCA 2013); *Cosme v. State*, 89 So. 3d

1096, 1097-98 (Fla. 4th DCA 2012). Cosme was resentenced to thirty years in all three cases.

In this timely rule 3.850 motion, Cosme claimed trial counsel failed to convey a global plea offer of fifteen years in prison. Counsel told Cosme about the offer only after the State revoked it and offered life in prison. Counsel said he did not tell Cosme about the fifteen-year offer because he wanted to negotiate an even lighter sentence. Cosme alleged that he would have accepted the fifteen-year offer if counsel had timely conveyed it.

The State concedes that Cosme's claim is facially sufficient under *Alcorn v. State*, 121 So. 3d 419, 433 (Fla. 2013). But the State argues it is "inherently incredible" that the prosecution would have offered Cosme fifteen years for the serious crimes charged in these cases, especially considering that it later sought a life sentence. *See Capalbo v. State*, 73 So. 3d 838, 840 (Fla. 4th DCA 2011) ("A postconviction court is not required to hold hearings on absurd claims or accept as true allegations that defy logic and which are inherently incredible.").

We reject the State's argument. The State in its response below conceded that the alleged offer must have been made very early in the case, within two months after the new charges were filed. According to Cosme, at that time the State's evidence was sparse and his co-defendants had not yet entered pleas and agreed to testify against him. It is not inherently incredible that the State would have offered fifteen years early in the case, perhaps in an effort to secure Cosme's testimony against his allegedly more culpable co-defendants, and then later sought a life sentence when its case was stronger.

Because Cosme's claim is facially sufficient and is not refuted by the record, we reverse and remand for an evidentiary hearing.

*Reversed and remanded.*

TAYLOR, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***