NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DANDRE CURTEZ RUSSELL,          )
DOC# R79128,                    )
                                )
            Appellant,          )
                                )
v.                              )          Case No. 2D17-3205
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____  )

Opinion filed November 28, 2018.

Appeal from the Circuit Court for Pinellas
County; Joseph A. Bulone, Judge.

Howard L. Dimmig, II, Public Defender,
and Karen M. Kinney, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

We affirm the order revoking Mr. Russell's probation and imposing

sentence without comment. However, as the trial court recognized in its order denying

Mr. Russell's motion to correct sentencing error, the scoresheet erroneously assessed

four additional legal status points and twelve additional community violation points.

Accordingly, we remand for the court to correct those errors.  See Montanez v. State, 160 So. 3d 540, 541 (Fla. 2d DCA 2015).[1]

Affirmed; remanded with instructions.

KHOUZAM, LUCAS, and SALARIO, JJ., Concur.

---

[1]We note that even where a scoresheet error is innocuous, like in this case, the trial court should ensure that any mistakes of which it is aware are corrected before entering a judgment.  See Holmes v. State, 109 So. 3d 1191, 1192 (Fla. 2d DCA 2013) ("[T]o avoid questions in future proceedings, we remand for the scrivener's error on the scoresheet to be corrected.").  A trial court should not decline, as the trial court did in this case, to rectify minor sentencing errors on the ground that the errors are harmless.  See Philip J. Padovano, Florida Appellate Practice § 27:4 (2018 ed.) ("The harmless error rule is designed to encourage a realistic approach to appellate review by allowing the appellate courts to consider not only the existence of error at the trial level, but the effect of the error." (emphasis added)).