DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEANGELO LAVANDER FAIN**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D19-3138

[December 9, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562002CF003867A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Deangelo Fain appeals from a resentencing hearing and order necessitated by *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012). Appellant asserts that the trial court fundamentally erred in sentencing him without the benefit of a scoresheet, and that the trial court erred in setting the date for judicial review of his sentence. We agree with both arguments and therefore reverse and remand for resentencing.

**Background**

Following a 2005 jury trial for crimes committed when he was fifteen years old, Appellant was adjudicated guilty of attempted first-degree murder with a firearm while wearing a mask ("Count 1"), robbery with a firearm while wearing a mask ("Count 2"), and attempted felony murder while mearing a mask ("Count 3"). Utilizing a scoresheet, the trial court sentenced Appellant to concurrent thirty-year sentences on Counts 1 and 3, to run consecutive to a life sentence on Count 2. The trial court also

imposed a twenty-five-year mandatory minimum sentence on Counts 1 and 2.

Appellant thereafter appealed his judgment and sentence. In *Fain v. State*, 936 So. 2d 785 (Fla. 4th DCA 2006), we held that Appellant was improperly adjudicated guilty of both Counts 1 and 3, and we reversed and remanded for the trial court to vacate either count. *Id.* On remand, the trial court vacated Appellant's conviction on Count 3.

More than ten years later, due to the rulings in *Graham* and *Miller* and their subsequent codification in Florida law, Appellant filed a motion to correct illegal sentence, requesting a resentencing hearing. The State conceded Appellant's entitlement to resentencing, and the matter proceeded to a resentencing hearing in 2019.

At the resentencing hearing, the trial court pronounced its requisite findings under section 921.1401(2), Florida Statutes (2019), holding that Appellant's conduct "indicate[d] the transient immaturity of youth more persuasively than irreparable corruption." Without the benefit of a scoresheet, the trial court sentenced Appellant to thirty years in prison on Count 1, and to forty-five years in prison followed by ten years of probation on Count 2, with both counts to run concurrently. The trial court again imposed a twenty-five-year mandatory minimum sentence on each count. However, because of the change in juvenile sentencing law, the trial court also provided for a sentencing review on both counts after twenty-five years, citing to sections 775.082(3)(b)2.a. and 921.1402(2)(b), Florida Statutes (2019). On September 6, 2019, the trial court reduced its findings to a written sentencing order, which Appellant subsequently appealed.

Pending appeal, Appellant filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(b)(2), alleging that his sentence on Count 2 was illegal because a juvenile nonhomicide offense requires sentencing review after twenty years—not twenty-five. The trial court denied his motion. Appellant now seeks our review of both the sentencing order and the denial of his rule 3.800(b)(2) motion.

**Analysis**

A. <u>Missing Scoresheet</u>

We review whether an error is fundamental under a *de novo* standard of review. *State v. Smith*, 241 So. 3d 53, 55 (Fla. 2018).

"Regardless of whether the sentence is being imposed following a trial, entry of a plea, or *pursuant to a resentencing proceeding*, an accurate scoresheet must be prepared to inform and guide the court in making its sentencing decision." *Fernandez v. State*, 199 So. 3d 500, 502 (Fla. 2d DCA 2016) (emphasis added). Sentencing a defendant without the consideration of a scoresheet is fundamental error that may be raised at any time. *See Cosme v. State*, 111 So. 3d 280, 282–83 (Fla. 4th DCA 2013). Further, the entry of a scoresheet applies to juvenile proceedings. *See Hall v. State*, 248 So. 3d 1227, 1232 (Fla. 1st DCA 2018) (noting the utilization of a scoresheet does not prevent a trial court from taking a juvenile's youth and attendant characteristics into account when imposing a sentence).

Here, the record demonstrates that the trial court resentenced Appellant without the consideration of a scoresheet.[1] Although the State argues this issue was not properly preserved, our precedent in *Cosme* requires us to hold that the trial court's imposition of Appellant's sentence without a scoresheet is fundamental error, requiring reversal.

B. <u>Illegal Sentence</u>

"The standard of review for a motion to correct a sentencing error is *de novo*." *Terry v. State*, 263 So. 3d 799, 802 (Fla. 4th DCA 2019).

A juvenile who commits a nonhomicide offense "that is a life felony or is punishable by a term of imprisonment for life or by a term of years not exceeding life imprisonment" and who is subsequently "sentenced to a term of imprisonment of more than 20 years [for such nonhomicide offense] is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(d)." § 775.082(3)(c), Fla. Stat. (2019). Section 921.1402, Florida Statutes (2019), provides that "[a] juvenile offender sentenced to a term of 20 years or more under s. 775.082(3)(c) is entitled to a review of his or her sentence after 20 years." § 921.1402(2)(d), Fla. Stat. (2019). "If the juvenile offender is not resentenced at the initial review hearing, he or she is eligible for one subsequent review hearing 10 years after the initial review hearing." *Id.*

Here, the trial court provided for judicial review after a twenty-five-year period on Appellant's sentence for robbery with a firearm while wearing a mask. However, robbery with a firearm while wearing a mask is a nonhomicide offense constituting a "felony of the first degree, punishable

---

[1] The only scoresheet included in the record was one created for Appellant's original sentencing in 2005. It assesses points for Count 3, which was subsequently vacated.

by imprisonment for a term of years not exceeding life." § 812.13(2)(a), Fla. Stat. (2019). Therefore, Appellant was entitled to a twenty-year judicial review period under section 775.082(3)(c)—not twenty-five years. Consequently, the trial court erred in denying his rule 3.800(b)(2) motion.

## Conclusion

The trial court erred in resentencing Appellant without the benefit of a scoresheet and in imposing a twenty-five, rather than twenty-year judicial review period on Appellant's nonhomicide offense. We therefore reverse and remand for resentencing utilizing an up-to-date scoresheet. Importantly, however, the trial court is *not* required to recall witnesses or take additional testimony; it may take judicial notice of the record from the previous sentencing hearing. Because resentencing involves the trial court's discretion, we note that Appellant must be present at resentencing. *See Jordan v. State,* 143 So. 3d 335, 339 (Fla. 2014).

*Reversed and remanded for proceedings consistent with this opinion.*

DAMOORGIAN and CIKLIN, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

4